THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROY PEPPLES, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 2, 1968, convicting him of attempted robbery in the second degree, upon a verdict of guilty, and imposing sentence. Judgment affirmed. On April 17, 1967 defendant was charged with robbery in the first degree, grand larceny in the first degree, possession of a dangerous weapon as a felony and three counts of assault in the second degree. The charges arose out of acts allegedly committed by him on December 7, 1966. On March 11, 1968 defendant was charged, under a separate indictment, with attempted burglary in the third degree and possession of burglar's tools. These charges arose out of acts allegedly committed by him on February 14, 1968. On May 9, 1968 defendant was permitted to plead guilty to attempted robbery in the second degree under the indictment of April 17, 1967, in full satisfaction of both indictments. On July 2, 1968 he was sentenced to a term of 3¾ years to 7½ years. Thus, defendant was convicted and sentenced subsequent to the effective date (Sept. 1, 1967) of the new Penal Law for a crime committed *prior* to that date. While the provisions of the former Penal Law provided for a maximum sentence of 7½ years for attempted robbery in the second degree (former Penal Law, § 2127, § 261, subd. 2), the new Penal Law provides for a maximum sentence of 7 years (Penal Law, § 160.10, § 110.05, subd. 3, § 70.00, subd. 2, par. [d]). In our opinion, the sentence imposed was proper. Subdivision 3 of section 5.05 of the Penal Law provides as follows: " § 5.05 Application of chapter to offenses committed before and after enactment * * * 3. The provisions of this chapter do not apply to or govern the construction of and punishment for any offense committed prior to the effective date of this chapter, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this chapter had not been enacted." The Legislature has thereby expressed its intent in the most explicit terms that the provisions of the new Penal Law with regard to punishment may not be applied in prosecutions for crimes committed prior to its effective date. Moreover, the Legislature has pointedly omitted from section 5.05 the provisions of section 38 of the former Penal Law which permitted the imposition of lighter sentences for crimes committed under a prior statute. The cases cited in the dissenting memorandum do not compel a contrary result. As stated by the Court of Appeals in *People* v. *Roper* (259 N. Y. 170, 180), "In the *absence* of a clause excluding from its provisions offenses previously committed, the law as amended applies in all trials held thereafter, even for offenses previously committed" (emphasis supplied). In the case at bar, however, as previously indicated, the Legislature has by the express language of the "saving clause" preserved the right of the State to *prosecute* and *punish* offenses previously committed under the repealed statute in accordance with the provisions of said statute (cf. *People* v. *Oliver*, 1 N Y 2d 152, 159). Beldock, P. J., Hopkins and Munder, JJ., concur; Christ and Kleinfeld, JJ., dissent and vote to reverse the judgment and to remand the case to the County Court for resentencing in accordance with the following memorandum: Where a

defendant committed offenses during the period of effectiveness of the old Penal Law and the old law expired before he is sentenced, he is entitled to be sentenced under the new Penal Law where the new law mitigates his punishment. Provisions which state that the old Penal Law is applicable in punishing a defendant for any offenses committed during its period of effectiveness concern cases only where the new Penal Law increases a punishment (see *People* v. *Oliver*, 1 N Y 2d 152). Such provisions are intended to prevent the release of defendants convicted under the old law but not yet sentenced. This would have resulted because of the repeal of the old law and the prohibited ex post facto effect of the new one. To apply such provisions to all offenses, even where the new punishment is decreased and where there is no ex post facto prohibition, would be to contravene an expressed legislative purpose which the new law intends. The contention that, because the so-called " saving clause " in the old Penal Law contains an expressed exception that it should not apply to cases where the punishment is mitigated and the saving clause in the new Penal Law omits this phrase, the new Penal Law is meant to apply irrespective of whether the punishment is decreased is not valid. Such an interpretation would be counter to past New York judicial precedent (see *People* v. *Oliver*, *supra*; *People ex rel. Pincus* v. *Adams*, 274 N. Y. 447; *People* v. *Roper*, 259 N. Y. 635) and would be counter to any rational legislative policy. Under these circumstances, the court should not interpret legislative silence to effect a distinct change in the established law.