John D. Bennett, S.
This is a motion for an order permitting the voluntary administrator of this small estate to make distribution pursuant to the terms of the decedent’s alleged last will filed with this court and dated March 10, 1955.
The Small Estates Act represents an innovation in the practice of estates in New York resulting from the efforts of the Bennett Commission which was charged with the duty of modernizing, revising and simplifying the law of estates.
Until recently SCPA 1301 defined a small estate as the estate of one who died intestate leaving personal property having a gross value of $3,000 or less and gave the right to act as a voluntary administrator of an estate to the decedent’s intestate distributees with the first priority going to the surviving adult spouse (SCPA 1303).
By chapter 998 of the Laws of 1970, the word “intestate” was deleted from the definitional section and SCPA 1303 was amended to provide that if the decedent died testate, the named executor or alternate executor would have the first right to act as voluntary administrator upon filing the last will and testament with the court.
On approving the bill extending small estates to testate situations, the Governor’s memorandum approving the hill stated in part: “ While the bill does create certain ambiguities in its application, the benefits for small estates where a will exists, in the form of simplified and less costly administration and settlement, outweigh these difficulties.
*446 “ The Surrogates’ Association of the State of New York may wish to submit legislation to correct the defects that they have noted in the bill, in time for introduction at the 1971 Session of the Legislature ” (N. Y. Legis. Annual, 1970, p. 534.)
The ambiguities referred to in the Governor’s memorandum undoubtedly had primary reference to the manner of distribution that was to be made in testate situations whether under the laws of intestacy or pursuant to the alleged will on file. At least one commentator felt that the Legislature could not have intended to change the succession laws of New York since SOPA 1307 provides that the voluntary administrator must “ distribute the balance to the person or persons entitled and in the amount or amounts provided by law.” This commentator observed that 1 ‘ according to law must mean the intestate law ’ ’ (McKinney’s 1970 Supplementary Practice Commentary to SOPA 1303).
As forecast by the Governor’s memorandum, the ambiguities inherent in the 1970 amendments were rectified, and in particular SOPA 1307 was amended to permit distribution under the laws of intestacy if the decedent died intestate “or if a will is filed which is valid on its face, he shall distribute to the persons named in such will, subject to the right of any person affected to contest such will at any time ” (L. 1971, ch. 312, § 4). While the ambiguities raised by the 1970 amendments were cured by those passed in 1971, the official form of affidavit initiating this small estate was filed on May 18,1971, seven days before the 1971 amendment became effective on May 25, 1971.
The decedent here was survived by two daughters, both of whom are incompetent and patients at a State hospital. The will on file leaves the entire estate to a grandson, a child of one of the two daughters. In paragraph ‘ ‘ Eighth ’ ’, the testatrix intentionally excludes her two daughters and mentions their confinement in a mental institution. The Attorney-General, who has appeared on this motion, argues that the 1971 amendments to the Small Estates Act were not intended to be retroactive and accordingly distribution must be made as in intestacy.
The court is of a contrary opinion. Generally procedural statutes constitute an exception to the general rule that statutes will not be retroactively construed (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 55). In addition, article 13, encompassing the Small Estates Act, specifically provides that “ this article is remedial and shall be given a liberal construction ” (SOPA 1312). McKinney’s Practice Commentary to SCPA 1312 is succinct and to the point. ‘ ‘ Its purpose is *447 obvious: This procedure is intended to simplify the administration of small estates, and the courts should construe its provisions liberally to that end.” Section 321 of McKinney’s Statutes provides: “Generally speaking remedial statutes * * * are liberally construed * * * to * * * carry out the reforms intended and to promote justice ”.
In approving the predecessor of article 13, the Governor predicted that the “ enactment of this measure should prove of significant benefit to the people of the State ” (N. Y. Legis. Annual, 1963, p. 454). Professor Boy F. Wrigley, Research Counsel to the Temporary Commission on Estates, whose work dealt specifically with small estates, has reported that it is gratifying to find the record fully justifies the Governor’s prediction (see 34 Brooklyn L. Rev. 440, containing a tabulation of statistics from the various Surrogates ’ Courts throughout the State).
Although the Small Estates Act is remedial and should be liberally construed so as to spread its beneficial results as widely as possible, one further argument on retroactivity should be disposed of. Section 54 of McKinney’s Statutes gives remedial statutes a retroactive operation but “ only to the extent that they do not impair vested rights.” While the effect of the 1971 amendments to the Small Estates Act was to give prima facie effect to a will which is valid on its face, the substantive rights of distributees are not 1 ‘ impaired ’ ’ since the distribution is ‘ ‘ subject to the right of any person affected to contest such will at any time. ’ ’ In essence, therefore, the amendment is procedural in effect and merely does away with the unnecessary time and expense consumed in formalizing the proceeding. The observation made in Matter of Matthews (175 Misc. 524) relating to former sections 103-a and 103-b of the Decedent Estate Law, now part of the Small Estates Act (SOPA 1310 and 1311), is worthy of repetition: “ The policy of the State of New York to avoid the trouble and expense of administering wholly insignificant estates of this type is demonstrated in sections 103-a and 103-b of the Decedent Estate Law”. The Second Report of the Commission on Estates contains a more forceful comment: ‘ ‘ Such small estates are a plague to the courts and to lawyers, debtors and transfer agents as well ” (N. Y. Legis. Doc., 1963, No. 19, p. 117).
Accordingly the motion is granted and distribution shall be made to the persons ‘ ‘ named ’ ’ in the will on file which appears valid on its face, “ subject to the right of any person affected to contest such will at any time. ’ ’