■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered March 1, 1979, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of defendant's motion pursuant to CPL 580.20 to dismiss the indictment. Case remitted to Criminal Term to hear and report on the issue of

whether the defendant was deprived of his rights under CPL 580.20, in accordance with the memorandum herewith, and appeal held in abeyance during the interim. Criminal Term shall file its report with all convenient speed. On the present record we are unable to determine whether defendant's rights under CPL 580.20 were violated. At the hearing to be held, the court should first ascertain the date defendant actually arrived in this State (see CPL 580.20, art 4, subds [a], [c]; see, also, *People v White,* 33 AD2d 217, 219; *Foran v Metz,* 463 F Supp 1088, affd 603 F2d 212). It is noted that this date may be earlier than the date that defendant was first produced in court pursuant to CPL 580.20 (art 4). The court should further determine whether any delay between defendant's arrival in the State and the commencement of the trial can be attributed to necessary or reasonable continuances that were granted for good cause shown in open court, defendant or his counsel being present (see CPL 580.20, art 4, subd [c]; see, also, *Foran v Metz, supra).* In reaching this determination, Criminal Term is advised that defendant's trial was required to be commenced within 120 days of his arrival in the State (see CPL 580.20, art 4, subd [c]) and that continuances, if any, which were granted with defendant's consent are chargeable against the defendant (see *Foran v Metz, supra).* Mangano, J.P., Gibbons, Cohalan and O'Connor, JJ., concur.