■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON SCHWIMMER, Appellant. — Judgment, Supreme Court, New York County (Wallach, J., at suppression; B. Altman, J., at trial), rendered on January 17, 1980, convicting defendant, after trial by jury, of grand larceny in the second degree and imposing an indeterminate term of zero to three years, is unanimously affirmed. Prior to commencing an undercover investigation into the activities of defendant, a diamond merchant, the police were aware that defendant recently had been arrested for his participation in a large scale diamond robbery, which is the subject of the appeal now before this court. During the course of this investigation, four meetings between defendant and police personnel were held. At one such meeting, which was recorded, the defendant detailed, without prompting or provocation, his participation in the instant crime. The authorities were aware, and they so concede, that the defendant was represented by counsel when defendant made these admissions, and that counsel had instructed the police not to question defendant concerning his participation in this diamond robbery. The sole issue raised on this appeal is whether the court correctly denied defendant's motion to suppress these inculpatory statements. The defendant argues that since he was represented by counsel, and this fact was known, the police had no right to question him concerning the underlying offense. The People assert, and this court agrees, that the undercover investigation was separate and apart from the underlying crime for which the defendant now stands convicted. Throughout this investigation, which was not conducted in a custodial setting, the defendant bragged to the undercover police officer about his involvement in the instant crime, apparently in an attempt to convince the undercover officer that defendant was experienced in these matters. The record is sufficient to warrant the conclusion that these statements were not solicited from the defendant but were "elicited in the course of a good faith police investigation" *(People v Clark, 41 NY2d 612, 615)*. The court at the suppression hearing held that the People had proved their position by a preponderance of the evidence and that the investigation was made in good faith. The defendant now contends that this evidence must be proved beyond a reasonable doubt. It must be remembered that these arguments were not made to a jury and the comments of the court were volunteered at the time rulings were rendered. However, we do not reach this question since we find the evidence of good faith of the police officer was proved beyond a reasonable doubt. The case is remanded to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). Concur — Birns, J. P., Sullivan, Ross, Carro and Silverman, JJ.