■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered March 1, 1979, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of defendant's motion pursuant to CPL 580.20 to dismiss the indictment. By order dated October 5, 1981, this court remitted the case to Criminal Term to hear and report on the issue of whether the defendant was deprived of his rights under CPL 580.20, in accordance with our memorandum, and the appeal has been held in abeyance in the interim (*People v Rivera*, 84 AD2d 541). Criminal Term (Ryan, J.), has complied and rendered a report in accordance therewith. Judgment affirmed. No opinion. Mangano, J. P., Gibbons, O'Connor and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. TEIXEIRA, Appellant. — Appeal by defendant from five judgments of the County Court, Suffolk County (Weissman, J.), all rendered November 21, 1980, adjudicating him a youthful offender, upon his pleas of guilty to grand larceny in the third degree, burglary in the third degree (three counts) and criminal possession of stolen property in the first degree, and a judgment of the same court rendered November 21, 1980, convicting him of burglary in the third degree, upon his plea of guilty, and sentencing him to concurrent indeterminate prison terms, with a maximum of four years. Judgments modified, on the law, by adding provisions thereto setting the minimum term of imprisonment at one and one-third years. As so modified, judgments affirmed. Defendant was sentenced after the effective date of the 1980 amendment to section 70.00 of the Penal Law, which requires sentencing courts to set minimum as well as maximum terms for sentences rather than leaving the minimum term to parole authorities, who had set defendant's minimum term at two years. It is the general rule that, absent a savings clause, an ameliorative statute will be applied to cases which have not reached final judgment when the ameliorative statute becomes effective (*People v Pepples*, 32 AD2d 1041, affd 27 NY2d 785). Therefore, the sentencing court should have fixed the minimum terms of imprisonment. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.