## (September 23, 1982)

■ In the Matter of LEON SCHWIMMER, Respondent, v EDWARD HAMMOCK, as Chairman of the New York State Board of Parole, Appellant. — In a proceeding pursuant to CPLR article 78, the Chairman of the New York State Board of Parole appeals from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated September 3, 1982, which granted the petition and (a) set aside the minimum period of incarceration fixed by the Board of Parole in April, 1982 on the ground that it had no jurisdiction to act at that time, and (b) directed that petitioner be produced before the sentencing court to set a new minimum period of incarceration. Judgment affirmed, without costs or disbursements. The petitioner was convicted in the Supreme Court, New York County, of grand larceny in the second degree, a class D felony, upon a jury verdict. He was sentenced on January 16, 1980 to an indeterminate period of imprisonment with a maximum of three years (B. Altman, J.). No minimum period of incarceration was fixed by the court. The petitioner was also convicted in the Supreme Court, Kings County, upon his plea of guilty, of the crimes of conspiracy in the second degree, attempted criminal possession of stolen property in the first degree, conspiracy in the third degree and criminal solicitation in the second degree (two counts) and was sentenced on January 22, 1980, *inter alia,* to an indeterminate period of incarceration with the maximum of three years (Mirabile, J.). No minimum was set on this sentence either. Although an appeal was filed to this court, it has never been perfected. In January, 1980, on the date of sentence in New York County, the court could have fixed a minimum, but its authority to do so was discretionary under section 70.00 (subd 3, par [b]) of the Penal Law, as it existed prior to the amendment of paragraph (b) (see L 1980, ch 873). As a minimum was not fixed, the law then in effect required the New York State Board of Parole to fix the minimum "in accordance with the provisions of the correction law" (Penal Law, § 70.00, subd 3, former par [c]). Petitioner surrendered to the Department of Correctional Services and spent approximately three months in its custody; no minimum was set during this time. Petitioner was then released on a stay of the execution of judgment and remained free pending the disposition of his appeal. In December, 1981, petitioner's conviction was affirmed (*People v Schwimmer,* 85 AD2d 549), and shortly thereafter he returned to the custody of the State Department of Correctional Services. In April, 1982, petitioner appeared before the Board of Parole, which assumed it had authority pursuant to section 70.00 (subd 3, former par [c]) of the Penal Law, and the board fixed his minimum period of incarceration (M.P.I.) at 28 months. The board based its decision upon the seriousness of the crime and the fact that petitioner had also been convicted in Kings County. The M.P.I. was affirmed by the Board of Parole upon an administrative appeal. Petitioner, through his attorney, on or about July 6, 1982, filed a petition for a writ of habeas corpus pursuant to CPLR article 70 with the Supreme Court, Richmond County. Petitioner

alleged that the Board of Parole was without jurisdiction to fix a minimum period of incarceration on his indeterminate sentence imposed on January 16, 1980 since paragraph (c) had been repealed effective September 1, 1980 (L 1980, ch 873). Petitioner further alleged that since the statute had been changed, only the sentencing court had jurisdiction to set the M.P.I. on an indeterminate sentence. He petitioned the Supreme Court, Richmond County, to direct that he be produced before Justice Benjamin Altman, who had imposed the sentence, for him to fix the M.P.I. On July 9, 1982 the petition for a writ of habeas corpus was referred by the Supreme Court, Richmond County, to Justice Benjamin Altman. On July 28, 1982, Justice Altman denied resentencing on the ground that he lacked jurisdiction to do so. Petitioner did not appeal from Justice Altman's judgment. Petitioner thereupon commenced a proceeding pursuant to CPLR article 78 by order to show cause dated July 29, 1982 for an order setting aside the M.P.I. fixed by the Board of Parole and setting the minimum period at one year pursuant to section 70.00 (subd 3, par [b]) of the Penal Law. Petitioner alleged that when the Board of Parole fixed his M.P.I. in April, 1982, it was without authority to do so, since section 70.00 (subd 3, par [c]) of the Penal Law had been repealed effective September 1, 1980. The Board of Parole answered, contending that although paragraph (c) had been repealed, the repeal had not been made retroactive by the Legislature and, therefore, the board had jurisdiction to fix petitioner's M.P.I., since the date of his sentence preceded the repeal. By decision dated August 27, 1982, Justice Rubin found that the repeal of paragraph (c) was intended to have retroactive effect and held that the Board of Parole in April, 1982, had no jurisdiction to fix the M.P.I. By judgment dated September 3, 1982, Justice Rubin granted the petition and ordered that petitioner be produced before Justice Altman for the setting of a new minimum period of incarceration. Because we conclude that the 1980 amendment of section 70.00 of the Penal Law, affecting paragraphs (b) and (c), was procedural in nature and because no M.P.I. had been fixed for petitioner prior to the effective date of the amendment, his sentence was an unconcluded or pending matter to which the amendment would apply, we affirm. In April, 1982, the New York State Board of Parole was without any power or authority to fix petitioner's M.P.I. We reject the board's contention that the amendment acts prospectively and therefore does not prevent the board from fixing a minimum on a sentence imposed before it took effect. "Generally, an amendment will have prospective application only, and will have no retroactive effect unless the language of the statute clearly indicates that it shall receive a contrary interpretation" (McKinney's Cons Laws of NY, Book 1, Statutes, § 52). However, procedural statutes are an exception to this rule: "Generally procedural statutes constitute an exception to the general rule that statutes will not be retroactively construed, and such statutes will be applied to pending cases except where their effect is to create a remedy where none previously existed" (McKinney's Cons Laws of NY, Book 1, Statutes, § 55). And as stated by Chief Judge Lehman in *Schielcrawt v Moffett* (294 NY 180, 188): "In the absence of language indicating a contrary legislative intent, a remedial and procedural statute is ordinarily applied to procedural steps in pending actions, and is given retrospective effect insofar as the statute provides a change in the form of remedy or provides a new remedy for an existing wrong. ' "Where a new statute deals with procedure only, *prima facie* it applies to all actions — those which have accrued or are pending and future actions" (Sutherland on Statutory Construction, page 630)'. (*Laird* v. *Carton,* 196 N. Y. 169, 171.)" (See, also, *Monell v International Business Mach. Corp.,* 85 Misc 2d 323; *Matter of Cohen,* 68 Misc 2d 445.) By its 1980 amendment to section 70.00 of the Penal

Law, the Legislature stripped the Board of Parole of its power to fix M.P.I.s and placed that power with the sentencing court. In April, 1982, the board had no authority to fix petitioner's minimum. Petitioner had a right, following his sentence, to have a minimum fixed; therefore, the matter of a minimum was "pending" and a procedural amendment enacted in the interim between the sentence date and the actual fixing of the minimum should, under accepted principles of statutory interpretation, be given retroactive effect. Further, we note that section 259-i (subd 1, par [a]) of the Executive Law, entitled "Procedures for the conduct of the work of the state board of parole", sets out the administrative guidelines by which the Board of Parole was to fix minimums; the power to fix minimums came exclusively from section 70.00 (subd 3, par [c]) of the Penal Law, and since that paragraph has been repealed, that power ceased. The M.P.I. fixed by the board is a nullity, the board having acted without any power or authority to do so. Petitioner must be produced before the sentencing court to fix a minimum in accordance with section 70.00 (subd 3, par [b]) of the Penal Law. In the event future legal proceedings are taken preventing the sentencing Judge from imposing a new sentence, it is strongly urged, in view of the unusual family circumstances, that the correctional facility authorities and the Attorney-General consent to the furlough of petitioner from October 18 through October 25, 1982. Damiani, J. P., O'Connor, Rubin and Boyers, JJ., concur.