■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL POOLE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Jordan, J.), rendered April 5, 1978, convicting him of rape in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction for assault in the second degree, dismissing that count of the indictment, and vacating the sentence imposed on that count. As so modified, judgment affirmed (see *People v Jiminez,* 55 NY2d 895). Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY STAMPLER, Appellant. — Appeals by defendant (by permission) (1) from an order of the County Court, Nassau County (Winick, J.), dated September 13, 1982, which denied his motion to set aside his sentence as illegally imposed in violation of section 70.00 of the Penal Law, and (2) as limited by his brief, from so much of a further order of the same court, dated October 4, 1982, as, after granting reargument, adhered to its original determination. Orders modified, on the law, and defendant's motion to set aside his sentence is granted to the extent of vacating the minimum period of incarceration fixed by the Board of Parole. As so modified, order dated September 13, 1982 affirmed and order dated October 4, 1982 affirmed insofar as appealed from, and matter remitted to the County Court, Nassau County, where defendant is to be produced before the sentencing court to fix a minimum period of incarceration. On April 8, 1981 appellant was sentenced to an indeterminate period of incarceration with a maximum of four years, upon his conviction of grand larceny in the third degree, upon his plea of guilty. Appellant was sentenced after the effective date of the 1980 amendment to section 70.00 of the Penal Law, which requires the sentencing court to set minimum periods of incarceration rather than the parole authorities, who previously set the minimum period (*People v Teixeira,* 87 AD2d 895). Thus, the 15-month minimum period of imprisonment set by the Parole Board was a nullity, the board having acted without authority to do so (cf. *Matter of Schwimmer v Hammock,* 89 AD2d 1003, 1005). Appellant must be produced before the sentencing court to fix a minimum period in accordance with section 70.00 (subd 3, par [b]) of the Penal Law. Lazer, J. P., O'Connor, Brown and Rubin, JJ., concur.