The STATE of Ohio, Appellee,

v.

PUCKETT, Appellant.

[Cite as *State v. Puckett* (2001), 143 Ohio App.3d 132.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 99CA2689.

Decided April 27, 2001.

*R. Randolph Rumble,* Scioto County Prosecuting Attorney, for appellee.

*Jesse Puckett, pro se.*

KLINE, Judge.[1]

Jesse Puckett appeals the decision of the Scioto County Court of Common Pleas, which denied his motion for a new trial. He argues that he is entitled to a new trial because two of the witnesses who testified against him at his trial later executed affidavits swearing that they had lied at the trial. Because Puckett never filed a transcript of the hearing that the trial court conducted on his motion for a new trial, we consider this appeal without it and find that the trial court did not err in denying Puckett's motion for a new trial.

## I

In February 1995, a grand jury indicted Puckett for the aggravated murder of his wife, Ramona Puckett. Matthew and Marcy Puckett, Puckett's brother and sister-in-law, testified for the state at Puckett's trial. They testified that Puckett threatened to kill Ramona several times before he shot her. Puckett did not deny that he was holding the gun that shot and killed Ramona, but argued that the gun discharged accidentally. A jury found Puckett guilty of murder, a lesser-included offense. The trial court sentenced Puckett to fifteen years to life in

---

1. This case was reassigned from another judge on February 7, 2001.

prison. On appeal, we affirmed the conviction. *State v. Puckett* (Oct. 1, 1996), Scioto App. No. 95CA2362, unreported, 1996 WL 560506.

In 1998, Puckett filed an application for leave to file a motion for new trial based upon new evidence.[2] Puckett attached affidavits signed by Matthew and Marcy Puckett. In their affidavits, they stated that they gave false testimony at Puckett's trial because the sheriff's office induced them to do so. The state filed a memorandum in opposition. It attached the affidavits of the prosecutor's investigator Dean Novinger and Ohio BCI special agent Bill Hatfield. In their affidavits, they stated that they interviewed Matthew and Marcy Puckett. In the interview, Marcy Puckett told them that she was drunk when she signed the affidavit and told the person who presented her with the affidavit that, contrary to the affidavit, she had heard Puckett threaten to kill Ramona. Marcy Puckett also told the investigators that she assumed that the affidavit would be changed to reflect this inconsistency. In the interview, Matthew Puckett said that the affidavit was true for the most part, but refused to say which parts were true and which parts were false.

The trial court held a hearing on Puckett's motion in October 1999. On November 30, 1999, the trial court denied the motion. However, the entry was not journalized at that time. Despite the absence of a final appealable order, Puckett appealed.

Puckett attempted to have the transcript of the October 1999 hearing prepared at the state's expense. On April 5, 2000, we denied his request and gave him an extension of about two months to file the transcript. On June 7, 2000, the clerk filed a "Notice of Transmission of record." The notice provided:

"Pursuant to Appellate Rule 11–B, you are hereby notified that the record in the above captioned case was transmitted and filed in this court on June 7, 2000. It does/does not include a transcript of proceedings."

On March 2, 2001, the clerk journalized the trial court's November 30, 1999 decision, which is the subject of this appeal. We find that Puckett's December 22, 1999 notice of appeal was prematurely filed because there was no final appealable order as of that date. However, the appeal was perfected as of March 2, 2001, when the clerk journalized the trial court's decision, and we consider Puckett's appeal on its merits. Puckett attached a short transcript of the October 1999 hearing that he created. In his brief, Puckett asserts the following assignments of error:

---

**2.** There is no indication in the record that the trial court ever granted Puckett's motion for leave to file a motion for new trial. However, all parties and the trial court proceeded as if the trial court had granted the motion. Therefore, we presume that the trial court granted Puckett leave to file a motion for new trial.

"I. The trial court erred to the prejudice of the defendant-appellant, when it improperly denied appellant's motion for a new trial, pursuant to Criminal Rule 33 and Ohio Revised Code 2945.79.

"II. The trial court abused it's [*sic*] discretion, when it allowed the state to go forward, with perjurious testimony, thus violating the defendant-appellant's rights, as afforded him under the Fourteenth Amendment of the United States Constitution, and Article I. [*sic*] Section i0 [*sic*] and Article I. [*sic*] Section 16 [*sic*]."

## II

In his first assignment of error, Puckett argues that the trial court erred when it denied his motion for a new trial.

The decision to grant or deny a motion for new trial is committed to the sound discretion of the trial court. *State v. Matthews* (1998), 81 Ohio St.3d 375, 691 N.E.2d 1041, citing *State v. Schiebel* (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. We will not reverse a trial court's denial of a motion for new trial absent an abuse of that discretion. *Sharp v. Norfolk W. Ry. Co.* (1995), 72 Ohio St.3d 307, 649 N.E.2d 1219. An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable; it is more than an error in judgment. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 666 N.E.2d 1134.

The duty to file a transcript falls upon the appellant because the appellant bears the burden of showing error by reference to the record. App.R. 9(B). *State v. Prince* (1991), 71 Ohio App.3d 694, 595 N.E.2d 376; *Kirby v. Kirby* (Oct. 30, 1997), Jackson App. No. 96CA795, unreported, 1997 WL 685368. We presume that the judgment and proceedings below were valid unless an error affirmatively appears on the record. *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 615 N.E.2d 617. App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court." Consequently we cannot consider the transcript of the hearing created by Puckett and attached to his brief because it is not part of the record. See *State v. Callihan* (1992), 80 Ohio App.3d 184, 197, 608 N.E.2d 1136, 1144. See, also App.R. 9 (permitting statement of evidence or agreed statement in lieu of record when proper procedure is followed).

Because there is no transcript in the record, we consider this appeal without it. See *In re White* (1998), 128 Ohio App.3d 387, 389, 715 N.E.2d 203, 204, fn. 3. However, we can consider the affidavits because they are contained in the record.

Here, we find that the trial court did not abuse its discretion in denying Puckett's motion for a new trial. While Matthew and Marcy Puckett signed

affidavits indicating that they gave false testimony at Puckett's trial. Their subsequent conversations with investigators, as described in the investigators' affidavits, indicate that the affidavits were, at least in part, untruthful. Given the questionable nature of Matthew and Marcy Puckett's affidavits and their changing stories, we find that the trial court did not act unreasonably, arbitrarily, or unconscionably in denying Puckett's motion. Accordingly, we overrule Puckett's first assignment of error.

## III

In his second assignment of error, Puckett argues that he is also entitled to a new trial due to prosecutorial misconduct. He asserts that the prosecutor's office induced, coerced, and threatened Matthew and Marcy Puckett into giving false testimony. Puckett relies on the testimony of Matthew and Marcy Puckett to support his assertion that the prosecutor wrongly obtained their testimony. We again confine our analysis to the affidavits because there is no transcript in the record.

We find that the trial court did not abuse its discretion in denying Puckett's motion for new trial. Matthew and Marcy Puckett signed affidavits indicating that the sheriff's office threatened them if they would not falsely accuse Puckett and helped them with Matthew Puckett's pending criminal matters and helped Marcy Puckett get a new apartment. However, their subsequent conversations with investigators, as described in the investigators' affidavits, indicate that the affidavits were, at least in part, untruthful. Given the questionable nature of Matthew and Marcy Puckett's affidavits and their changing stories, we find that the trial court did not act unreasonably, arbitrarily, or unconscionably in denying Puckett's motion. Accordingly, we overrule Puckett's second assignment of error.

## IV

In sum, we overrule both of Puckett's assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

HARSHA and EVANS, JJ., concur.