OPINION
{¶ 1} Defendant, Shane M. Hall, filed a timely notice of appeal from his convictions for aggravated vehicular homicide, reckless homicide, failure to stop after an accident, and vehicular assault, and from the concurrent sentences of imprisonment totaling up to one year that the court imposed for those offenses on December 13, 2002.
 {¶ 2} Hall's convictions were entered upon guilty verdicts that the jury returned at the conclusion of four trial days. Hall presents the following assignments of error on appeal:
 FIRST ASSIGNMENT OF ERROR {¶ 3} "A non-expert witness may not testify as to the ultimate issue of fact."
 SECOND ASSIGNMENT OF ERROR {¶ 4} "A defendant cannot be held responsible for a homicide where his actions are not the proximate cause of death."
 THIRD ASSIGNMENT OF ERROR {¶ 5} "The appellant was denied a fair trial due to the attempted admission of prohibited bad acts evidence."
 FOURTH ASSIGNMENT OF ERROR {¶ 6} "The evidence against the appellant is insufficient as a matter of law and his conviction is against the manifest weight of the evidence."
 {¶ 7} The trial proceedings were transcribed in the videotape medium. App.R. 9(A) states: "When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 8} Counsel for Defendant-Appellant have apparently failed to request that the video transcript be filed with the clerk, because the record contains no such transcript. Neither have they attached typed portions of the transcript to their brief, although references in their brief indicate that typed transcription was prepared. As a result of these matters, we have no proper record of the trial proceedings before us from which we can determine the errors which Defendant-Appellant assigns.
 {¶ 9} An appellant has the burden on appeal to show the existence and effect of the error he assigns, and to do so by specific reference to the trial record. State v. Puckett (2001), 143 Ohio App.3d 132. Therefore, the duty to provide a record which exemplifies the error he assigns is the appellant's duty. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. When an appellant fails in that duty, an appellate court has no alternative but to overrule any error assigned which requires reference to the trial proceedings, because the presumption of regularity of those proceedings in which an appellate court indulges cannot then be rebutted. Hartt v. Munobe (1993), 67 Ohio St.3d 3.
 {¶ 10} The assignments of error are overruled. The judgment of the trial court will be affirmed.
FAIN, P.J., WOLFF, J., and GRADY, J., concur.