OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Antonio L. Cortez, appeals the judgment of the Hancock County Court of Common Pleas sentencing him to thirty months in prison. On appeal, Cortez asserts that his guilty pleas were not knowingly and intelligently made because the trial court did not inform him that his prison sentence would be served consecutively to a prior sentence imposed in another jurisdiction. Based on the following, we affirm the judgment of the trial court.
 {¶ 3} In June 2006, the Hancock County Grand Jury indicted Cortez for one count of assault of a peace officer in violation of R.C. 2903.13(A), a felony of the fourth degree. *Page 3 
 {¶ 4} In July 2006, Cortez entered a plea of not guilty to the assault count.
 {¶ 5} In August 2006, Cortez withdrew his plea of not guilty and entered a negotiated plea of guilty to the assault count. The trial court accepted his guilty plea, convicted him of assault, and released him on his own recognizance until sentencing. Subsequently, Cortez failed to appear for sentencing.
 {¶ 6} In October 2006, the Hancock County Grand Jury indicted Cortez for one count of failure to appear in violation of R.C. 2937.99, a felony of the fourth degree.
 {¶ 7} In December 2006, law enforcement located and arrested Cortez. Thereafter, he entered a plea of not guilty to the failure to appear count.
 {¶ 8} On January 3, 2007, the Henry County Court of Common Pleas convicted Cortez of one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree, and sentenced him to a two-year prison term.
 {¶ 9} On January 5, 2007, Cortez returned to Hancock County, withdrew his plea of not guilty and entered a negotiated plea of guilty to the indictment for failure to appear. Prior to accepting his guilty plea, the trial court conducted the following Crim.R. 11 colloquy, in part:
 THE COURT: Further, do you understand that as relates to these matters, we have the newer case [failure to appear], and we have the other case [assault] which you pled and need to be sentenced. In each case the maximum sentence is 18 months. So the Court has to decide today whether I should order these two sentences to be served concurrently or consecutively. *Page 4 
 [CORTEZ]: Yes, sir.
 THE COURT: There's a recommendation that you serve 18 months in the first matter, and 12 months in the other, consecutively, for a sentence of 30 months. You understand that?
 [CORTEZ]: Yes, sir. THE COURT: Do you understand I could make a decision, for example, where you could serve as little as 6 months, and (sic) I ran minimum sentences together concurrently.
 [CORTEZ]: Yes, sir.
 THE COURT: On the other end of the spectrum do you understand I could impose as many as 36 months if I chose to impose maximum sentences, and run them consecutively?
 [CORTEZ]: Yes, sir.
(Jan. 5, 2007 Hearing Tr., pp. 12-13).
 {¶ 10} Thereafter, the trial court accepted Cortez's guilty plea for failure to appear. Further, the trial court sentenced him to an eighteen-month prison term on the assault conviction and to a twelve-month term on the failure to appear conviction, and ordered the two sentences be served consecutively. The trial court did not address Cortez's Henry County sentence and neither Cortez nor his counsel informed the Hancock County court of his sentencing in Henry County two days earlier.
 {¶ 11} It is from this judgment that Cortez appeals, presenting the following assignment of error for our review.
 CORTEZ'S GUILTY PLEAS WERE NOT KNOWINGLY AND INTELLIGENTLY MADE, BECAUSE THE TRIAL COURT FAILED TO INFORM HIM THAT ANY SENTENCE IMPOSED WOULD BE SERVED CONSECUTIVELY TO A PRIOR SENTENCE. (JAN. 5, 2007, HEARING TR.; JAN. 17, 2007, JUDGMENT ENTRIES). *Page 5 
 {¶ 12} In his sole assignment of error, Cortez argues that his guilty pleas were not knowingly and intelligently made because the trial court did not inform him that the sentence imposed would be served consecutively to a prior sentence, and urges this Court to vacate his convictions. Specifically, Cortez asserts that he has been prejudiced because he would not have pled guilty to the assault and failure to appear counts in Hancock County had he been aware that his sentence for those convictions would be served consecutively to his sentence in Henry County. We disagree.
 {¶ 13} Initially, we note that Cortez failed to file the transcript from the August 2006 hearing. Instead, Cortez only filed the transcript from the January 5, 2007 hearing including his change of plea on the failure to appear count and his sentencing on the assault and failure to appear convictions.
 {¶ 14} An appellant bears the burden of furnishing a record to the appellate court that is sufficient to disclose the error of which he complains. City of Columbus v. Hodge (1987), 37 Ohio App.3d 68. Additionally, an appellate court will "* * * presume that the judgment and proceedings below were valid unless an error affirmatively appears on the record." State v. Puckett, 143 Ohio App.3d 132, 135,2001-Ohio-2463, citing Hart v. Munobe (1993), 67 Ohio St.3d 3. App.R. 9(A) limits a Court's "consideration to `original papers and exhibits thereto filed in the trial court.'" Puckett, 143 Ohio App.3d at 135, quoting App.R. 9(A). Accordingly, an appellate court cannot consider the transcript of a hearing where it is not part of the record,Puckett, 143 Ohio App.3d at 135, *Page 6 
citing State v. Callihan (1992), 80 Ohio App.3d 184, 197, and must consider an appeal without it. Here, because the transcript regarding the assault plea is not part of the record, we cannot consider it in determining this appeal.
 {¶ 15} Moreover, even assuming that the Hancock County trial court never informed Cortez that his sentences would be served consecutively to sentences imposed in other jurisdictions, his argument that this renders his pleas unknowing and unintelligent is erroneous.
 {¶ 16} Crim.R. 11(C) is intended to ensure that guilty pleas are entered knowingly, intelligently, and voluntarily. State v. Windle, 4th Dist. No. 03CA16, 2004-Ohio-6827, at ¶ 7. "`Criminal Rule 11(C)(2) clearly and distinctly mandates that the trial judge, before accepting a guilty plea in a felony case, inform the defendant of his rights as expressed in the rule and determine that he understands those rights and that he is making his guilty plea voluntarily." State v. Stewart (1977),51 Ohio St.2d 86, 88, quoting State v. Younger (1975),46 Ohio App.2d 269, syllabus. Specifically, the trial court must inform the defendant of the maximum penalty involved and the nature of the charge. Crim.R. 11(C)(2)(a). Failure to ensure that a plea is entered knowingly, intelligently, and voluntarily renders its enforcement unconstitutional.State v. Engle (1996), 74 Ohio St.3d 525, 527, citing Kercheval v.United States (1927), 274 U.S. 220, 223; Mabry v. Johnson (1984),467 U.S. 504, 508-509; Boykin v. Alabama (1969), 395 U.S. 238; State v.Kelley (1991), 57 Ohio St.3d 127; Crim.R. 11(C). *Page 7 
 {¶ 17} However, the Supreme Court of Ohio has held that "[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." State v. Johnson (1988),40 Ohio St.3d 130, syllabus. The Court reasoned that:
 A review of * * * [Crim.R. 11(C)] indicates that it requires the trial court to explain before it accepts "the plea," "the nature of the charge and of the maximum penalty involved." (Emphasis added.) Crim.R. 11(C)(2)(a). Upon its face the rule speaks in the singular. The term "the charge" indicates a single and individual criminal charge. So, too, does "the plea" refer to "a plea" which the court "shall not accept" until the dictates of the rule have been observed. Consequently, the term "the maximum penalty" which is required to be explained is also to be understood as referring to a single penalty. In the context of "the plea" to "the charge," the reasonable interpretation of the text is that "the maximum penalty" is for the single crime for which "the plea" is offered. It would seem to be beyond a reasonable interpretation to suggest that the rule refers cumulatively to the total of all sentences received for all charges which a criminal defendant may answer in a single proceeding. * * *
 There is no specific requirement in such rule that an explanation be made that any sentences as given may run consecutively, or only concurrently, as might benefit the defendant. We shall not at this time implant verbiage that is not presently in the rule.
Johnson, 40 Ohio St. 3d at 133, 134.
 {¶ 18} Here, the record reflects that the trial court conducted a thorough Crim.R. 11 colloquy with Cortez prior to accepting his guilty plea to the failure to appear count, appropriately informing him of the maximum penalty that could be imposed for that count. Additionally, though not required by Crim.R. 11, the trial court informed Cortez *Page 8 
of the maximum penalty that could be imposed for the failure to appear count and the assault count combined.[1] Under Johnson, supra, the trial court was not required to inform Cortez that his Hancock County sentences would be served consecutively to each other, and particularly not to sentences imposed in another county. Therefore, we find that Cortez's guilty pleas in Hancock County were knowing and intelligent.
 {¶ 19} Finally, we find nothing in the sentencing entry of the Hancock County Court of Common Pleas that would require that its sentence be served consecutively to the sentence of any other court. However, the record does include a "Notice of Commitment and Calculation of Sentence" prepared by the Department of Rehabilitation and Correction (hereinafter referred to as "DRC"), file stamped January 29, 2007, which indicates the DRC s intention to compute the prison term imposed by Hancock County consecutively to the term imposed by Henry County. If such consecutive service is required, it is not as a result of any action or order of the Hancock County Court of Common Pleas, and the computations of the DRC are not properly before this Court or at issue in this appeal.
 {¶ 20} Accordingly, we overrule Cortez's assignment of error. *Page 9 
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 SHAW and WILLAMOWSKI, JJ., concur.
[1] We note that Cortez did not move to withdraw either of his guilty pleas. *Page 1