OPINION *Page 2 
{¶ 1} Appellant Kenneth W. Willig III, appeals his conviction on two counts of telephone harassment in Mahoning County Court No. 4. The charges stemmed from a phone call Appellant made to the home of his ex-wife in which he threatened to kill her and her family. The phone call was being broadcast on speakerphone and was heard by Appellant's ex-wife and her daughter. Appellant contends that evidence of his prior convictions for domestic violence and aggravated menacing should not have been introduced at trial. Appellant also argues that the trial judge should have provided findings of fact and conclusions of law, even though these are not required in a bench trial. Finally, Appellant challenges the manifest weight of the evidence. The evidence fully supports the elements of telephone harassment, and the convictions are affirmed.
 HISTORY OF THE CASE {¶ 2} This case arises out of a phone call that Appellant made to his ex-wife, Heather M. Gessler. Appellant was married to Heather for approximately nine years, and they had three children together. After their divorce, they continued to have some contact with each other to facilitate their visitation rights. On March 27, 2006, Appellant made a threatening phone call to Heather that was also overheard on speakerphone by Heather's daughter. Two complaints of telephone harassment, pursuant to R.C. 2917.21(A)(3) and 2917.21(B), were filed against Appellant on April 25, 2006, in Mahoning County Court No. 4. Both charges were first degree *Page 3 
misdemeanors. Appellant was arrested the next day. A bench trial was held on May 24, 2006. At the end of the hearing, the court took the matter under advisement.
 {¶ 3} A dispositional hearing was held on July 12, 2006. On that same day, the court filed a judgment entry finding Appellant guilty on both charges, and sentencing him to 90 days in jail on each charge, with the sentence suspended. The court also imposed a fine, issued a no contact order, and required Appellant to take anger management classes. This appeal followed on July 20, 2006. The trial court stayed the sentence during appeal.
 {¶ 4} There is no indication that Appellant filed the trial transcript as part of his record on appeal, although a transcript apparently was prepared and appears as an appendix to his brief on appeal. This does not constitute an appropriate filing. We cannot add material to the record that was not properly made part of the record on appeal.State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.,96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 16. We will review the issues on appeal to the extent possible without considering the improperly filed trial transcript.
 {¶ 5} Appellant presents three assignments of error. They will be taken out of order for ease in analysis.
 ASSIGNMENT OF ERROR NO. 2 {¶ 6} "THE TRIAL COURT ERRED IN ADMITTING TESTIMONY AND EVIDENCE CONCERNING APPELLANT'S PRIOR CONVICTION."
 {¶ 7} Appellant contends that prior convictions should not be permitted into evidence, and that his prior convictions in particular were disproportionately *Page 4 
prejudicial to his defense. Appellant cites State v. Allen (1987),29 Ohio St.3d 53, 506 N.E.2d, for the proposition that "[t]he existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule." Id. at 55.
 {¶ 8} Appellee points out that Evid.R. 609 allows evidence of criminal convictions to be entered into evidence to impeach a witness, and it is undisputed that Appellant did testify as a witness in his defense and was therefore subject to impeachment evidence. Appellee also notes that, in a bench trial such as occurred in the instant case, the trial judge is presumed to have, "considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." State v. Post (1987), 32 Ohio St.3d 380, 384,513 N.E.2d 754, citing State v. White (1968), 15 Ohio St.2d 146, 151, 44 O.O.2d 132, 239 N.E.2d 65. Nothing in the record compels a conclusion that the trial judge relied on improper evidence, and therefore, any error in the admission of prior conviction evidence is harmless beyond a reasonable doubt. State v. Simko (1994), 71 Ohio St.3d 483, 491,644 N.E.2d 345.
 {¶ 9} Because there is no transcript to review, we must overrule Appellant's remaining arguments under this assignment, all of which depend on citations to a transcript as support. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 {¶ 10} "THE TRIAL COURT ERRED BY NOT PROVIDING WRITTEN FINDINGS OF FACT AFTER APPELLANT'S REQUEST." *Page 5 
 {¶ 11} Appellant contends that the trial court was required to file written findings of fact and conclusions of law to support the verdict. Appellant cites no statute, rule or caselaw mandating the trial court file findings of fact and conclusions of law in order for a guilty verdict to be valid. Appellant has no citation to any part of the record showing that he requested findings of fact and conclusions of law. Although the trial court does need to provide a factual basis for resolving certain motions during a criminal trial, this does not apply to the final verdict. See Crim.R. 12(K). In fact, Crim.R. 23(C) states: "In a case tried without a jury the court shall make a general finding." Thus, even if Appellant had made a specific request for findings of fact and conclusions of law, the trial court would have been correct in ignoring it based on Crim.R. 23(C). State v. Walker (1985),26 Ohio App.3d 29, 31, 498 N.E.2d 191. Hence, Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 1 {¶ 12} "THE TRIAL COURT ERRED IN CONVICTING THE APPELLANT OF TWO COUNTS OF TELEPHONE HARASSMENT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 13} Appellant contends that the state's witnesses were not credible and that the manifest weight of the evidence does not support the convictions. We have already stated that no trial transcript was properly filed as part of the record on appeal. App.R. 9(B) states: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of allevidence relevant *Page 6 
to the findings or conclusion." (Emphasis added.) The use of the word "shall" denotes an imperative, expressing a mandatory directive.State v. Rowe (1997), 118 Ohio App.3d 121, 126, 691 N.E.2d 1140. Without a transcript properly filed for the record, we have no way to review the manifest weight of the evidence. State v. Puckett (2001),143 Ohio App.3d 132, 135, 757 N.E.2d 802. Appellant's first assignment of error is overruled.
 {¶ 14} None of Appellant's three assignments of error has merit, and the two convictions for telephone harassment are affirmed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1