[Cite as *State v. Ellis*, 2013-Ohio-4399.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee                    :          C.A. CASE NO.     2012 CA 45

v.                                                       :          T.C. NO.     06CR527

CHARLES ELLIS                                  :             (Criminal appeal from
                                       Common Pleas Court)

      Defendant-Appellant                 :

                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    30th    day of     September    , 2013.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0067191, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

ANDREW D. LUCIA, Atty. Reg. No. 0067191, P. O. Box 122, Troy, Ohio 45373
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}**   Charles Ellis appeals from a judgment of the Greene County Court of

Common Pleas, which resentenced him, on the State's motion, due to the improper

imposition of postrelease control in the original sentencing proceedings. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} In 2007, pursuant to a plea agreement, Ellis pled guilty to one count of vandalism, five counts of assault, one count of intimidation of a witness, and four counts of harassment by an inmate; he also pled no contest to one count of retaliation. Two other counts were dismissed. Ellis was found guilty of all the offenses and was sentenced to eight and one-half years in prison. The court stated that post-release control was "[o]ptional, to a maximum period of three years."

{¶ 3} In 2012, the State filed a Motion to Correct Post Release Control. Ellis was in prison and appeared at the postrelease control hearing by video, represented by counsel. Following the hearing, the court imposed mandatory three-year terms of postrelease control on one count of intimidation and one count of retaliation.[1] The court did not impose a term of postrelease control on the other counts of which Ellis was convicted, noting that his sentences on the other counts had been served.[2]

---

[1] Although the trial court set forth multiple terms of postrelease control, only one may be served. *See, e.g., State v. Jones*, 2d Dist. Greene No. 2012 CA 8, 2012-Ohio-4446, ¶ 9, citing *State v. Simpson*, 8th Dist. Cuyahoga No. 88301, 2007-Ohio-4301, ¶ 109.

[2] We note that whether a trial court has jurisdiction to resentence a defendant for the purpose of imposing mandatory postrelease control regarding a particular conviction, when the defendant has served the stated prison term regarding that conviction, but has yet to serve the entirety of his aggregate prison sentence, when all of the convictions which led to the aggregate sentence resulted from a single indictment, is a question currently under consideration by the supreme court. *State v. Holdcroft*, S.Ct. No. 2012-1441, 2012-Ohio-4650, 975 N.E.2d 1028 (Table). Under our prior holdings, such resentencing would have been permissible. *See State v. Reid*, 2d Dist. Montgomery No. 24841, 2012-Ohio-2666, ¶ 13.

{¶ 4} Ellis appeals from the trial court's resentencing on postrelease control, raising two assignments of error, which we will address together.

{¶ 5} The assignments of error state:

THE TRIAL COURT'S ORIGINAL SENTENCE CANNOT BE CONSIDERED VOIDABLE OR VOID, BECAUSE THE TRIAL COURT DID NOT PROTECT THE APPELLANT'S RIGHTS UNDER CRIM.R. 11 AND 22, VIOLATING THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW.

THE COURT OF APPEALS SHOULD MODIFY THE SENTENCE IMPOSED AT THE RESENTENCING HEARING, PURSUANT TO R.C. 2953.08(G)(2).

{¶ 6} Ellis asserts that his original plea agreement included an agreement with the State that postrelease control would be "optional," not mandatory; thus, he claims that his resentencing to a mandatory term of postrelease control violated his plea agreement. He acknowledges that he cannot substantiate the alleged agreement because the "change of plea hearing" (the hearing at which he entered his plea) was not recorded, but he asserts that the trial court's failure to record the plea hearing violated his due process rights. Ellis claims that he is unable to avail himself of the alternate procedure for creating a statement of the evidence or proceedings, set forth in App.R. 9(C), "due to the passage of time, and the fading of memories." Based on his contention that his "new sentence" of postrelease control is "contrary to law," Ellis urges us to modify his sentence without remanding the matter to the trial court.

{¶ 7} Ellis did not raise the alleged plea agreement for non-mandatory postrelease control in the trial court's resentencing proceedings. Instead, he told the court he believed and was told by his original attorney that he "would not be getting any post-release control" because he was "doing 100 percent of [his] time."

{¶ 8} There are several problems with Ellis's argument.

{¶ 9} First, as the appellant, Ellis bore the burden of showing error by reference to the record. *State v. Puckett*, 143 Ohio App.3d 132, 135, 757 N.E.2d 802 (4th Dist.2001); *State v. Burkholder*, 2d Dist. Darke No. 1750, 2009-Ohio-5526, ¶ 5; App.R. 9(B). App.R. 9 provides the mechanisms for providing such a record, including the preparation of a statement of the evidence or proceedings when no recording was made. App.R. 9(C). Although we recognize the challenges inherent in preparing a statement of the record many years after the fact, Ellis's assertion that he could not prepare such a statement due to "the passage of time" and "fading of memories" does not compel us to presume a due process violation where the recording of the proceedings is unavailable. The record before us does not substantiate his claim that his plea agreement provided for a non-mandatory term of postrelease control.

{¶ 10} Second, during the original sentencing hearing, the trial court expressed some confusion about whether postrelease control was "optional" or mandatory in Ellis's case. Neither party mentioned any alleged agreement in response to the court's comments. If, in fact, one of the terms of the plea agreement had been that postrelease control were optional (even then, at the option of the parole board), one would expect the parties to have reminded the court of this agreement as the court attempted to determine whether to impose a mandatory or discretionary term.

{¶ 11}    Third, Ellis's statement at the 2012 postrelease control hearing that he believed he would not get *any* postrelease control is inconsistent with his assertion on appeal that he bargained for non-mandatory postrelease control.  Likewise, the statement on his plea form that "[b]oth sides are free to argue their recommendation for sentencing at the final disposition" undercuts Ellis's claim in this appeal that there had been an agreement as to sentencing.

{¶ 12}    Because the record before us does not substantiate Ellis's claim that he was promised a non-mandatory term of postrelease control, the assignments of error are overruled.

{¶ 13}    The judgment of the trial court will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Nathaniel R. Luken
Andrew D. Lucia
Hon. Stephen A. Wolaver