[Cite as *Leal v. Smith*, 2025-Ohio-2467.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| ANGELIQUE BEATRIZ LEAL | : | |
| | : | C.A. No. 30409 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 DR 0204 |
| v. | : | |
| | : | (Appeal from Common Pleas Court-|
| SHANE JACOB SMITH | : | Domestic Relations) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 11, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

Epley, P.J.; Tucker, J.; and Lewis, J., concur.

For the court,

[[Applied Signature]]

MICHAEL L. TUCKER, JUDGE

**OPINION**
MONTGOMERY C.A. No. 30409

SHANE JACOB SMITH, Appellant, Pro Se
MARTIN A. BEYER, Attorney for Appellee

TUCKER, J.

{¶ 1} Defendant-appellant Shane Jacob Smith appeals from a final judgment and decree of divorce filed in the Montgomery County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we affirm.

## I.  Factual and Procedural Background

{¶ 2} Smith and plaintiff-appellee Angelique Beatriz Leal were married in 2014. Two children were born of the marriage. In March 2024, Leal filed a complaint for divorce. In June 2024, Smith filed an answer and counterclaim. Thereafter, Smith's attorney filed a motion to withdraw as counsel, which the trial court granted.

{¶ 3} A trial was conducted on January 28, 2025. Smith appeared pro se. A decision was filed on February 4, 2025, and a final judgment and decree of divorce was filed on February 21, 2025.

{¶ 4} Smith timely appeals.

## II.  Analysis

{¶ 5} Although styled as "issues," Smith has set forth the following statements in his brief, which we will treat as assignments of error:

WHETHER THE TRIAL COURT ERRED IN REFUSING TO ALLOW

DEFENDANT-APPELLANT SHANE JACOB SMITH TO SUBMIT EVIDENCE PROVING THE VALIDITY OF THE ALLEGED PRENUPTIAL AGREEMENT.

WHETHER THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO CONSIDER HIS MENTAL HEALTH AND PHYSICAL DISABILITIES DURING PROCEEDINGS.

WHETHER THE JUDGMENT SHOULD BE REVERSED DUE TO PLAINTIFF-APPELLEE'S FRAUDULENT OMISSIONS AND MISAPPROPRIATION OF MARITAL ASSETS.

{¶ 6} Smith first asserts the trial court did not permit him to present evidence regarding a prenuptial agreement executed between the parties. He next claims that he suffers from mental health issues and physical disabilities which the trial court "failed to consider or accommodate, impairing his ability to participate fully [which] contributed to an unfair trial." Finally, he claims that Leal violated her "fiduciary duties" by concealing over $60,000 in marital assets.

{¶ 7} We begin by noting that Smith did not request or file a transcript of the divorce trial. It is well-established that "[a]n appellant has the burden on appeal to show the existence and effect of the error he assigns, and to do so by specific reference to the trial record." *State v. Burkholder*, 2009-Ohio-5523, ¶ 5 (2d Dist.), citing *State v. Puckett*, 143 Ohio App.3d 132, 135 (2d Dist. 2001). "Therefore, the duty to provide a record which exemplifies the error he assigns is the appellant's duty." *Id.*, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). This court has "consistently held that pro se litigants are held to the same standards as other litigants." *Cox v. Oliver*, 2015-Ohio-3384, ¶ 20 (2d Dist.).

{¶ 8} The failure to file a transcript of a trial prevents an appellate court from reviewing

an appellant's assigned errors. *Gates v. Maaco Auto Paint & Body Serv.*, 1995 WL 628037, *1 (2d Dist. Oct. 27, 1995). Thus, "in the absence of [a record demonstrating] prejudicial error, we must presume the regularity and validity of the trial court's proceedings and affirm its judgment." *Id. See also Knapp* at 199 ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.").

{¶ 9} Smith first claims that the trial court did not allow him to submit evidence regarding a prenuptial agreement. However, the trial court's decision stated, "[Smith] mentioned having documents, as well as other information on his phone which he did not bring to court." The court also noted that Smith "admitted" he had failed to comply with discovery requests. Thus, it appears that Smith did not actually present any evidence at the trial. However, without a transcript, we have no way to evaluate this claim and must presume the regularity and validity of the proceedings.

{¶ 10} Likewise, we have nothing upon which to evaluate the credibility of Smith's claim that Leal concealed marital assets, and we must presume the trial court's decision was correct regarding marital assets.

{¶ 11} Finally, although Smith claims he suffers from mental health issues and physical disabilities which the trial court did not accommodate, he does not address how he suffered any prejudice. We note the trial court was aware that Smith had a history of drug abuse and that he continued to abuse drugs during the pendency of the case. Specifically, the court noted Smith pleaded guilty to a felony charge of aggravated drug possession in 2023, and it "was in receipt of positive drug test results dated December 17, 2024." However, there is nothing else in this record to support Smith's claim that he could not fully

participate in the trial.

{¶ 12} Because we have no transcript before us, we have no basis for concluding that the trial court committed error, let alone prejudicial error. Accordingly, Smith's assignments of error are overruled.

### III.    Conclusion

{¶ 13} Smith's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.