■ The People of the State of New York, Respondent, v David L. Delaney, Also Known as David Delancy, Appellant. —Appeal by the defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered May 19,

1982, convicting him of rape in the first degree, unlawful imprisonment in the second degree (two counts), and unauthorized use of vehicle, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of (1) that branch of the defendant's omnibus motion which sought the suppression of certain evidence seized incident to his arrest, and (2) the defendant's motion to dismiss the indictment on the ground that the People failed to comply with CPL 580.20.

Judgment affirmed.

After excluding the periods of delay caused by the resolution of the defendant's motions and continuances requested by the defendant and excluding those periods when the defendant himself was not ready for trial, the County Court correctly concluded that the People had brought the defendant to trial within the 120-day period required by CPL 580.20 article IV (c) *(see, People v Torres,* 60 NY2d 119; *People v Lambert,* 92 AD2d 550, *affd* 61 NY2d 978; *People v Rivera,* 84 AD2d 541).

The defendant has failed to sustain his burden of showing that his arrest was illegal because it was effectuated without a warrant. The credible evidence adduced at the pretrial hearing showed that he was arrested in another person's apartment and he failed to show that he had a reasonable expectation of privacy in those premises *(see, People v Ponder,* 54 NY2d 160; *People v Farinaro,* 110 AD2d 653).

We have reviewed the defendant's remaining contentions and have determined that they are without merit. Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.