OPINION OF THE COURT
David D. Egan, J.
Indictment No. 160, filed March 11, 1994, accuses defendant of one count of murder in the second degree and one count of robbery in the first degree. In a motion filed April 17, 1995, defendant moves to dismiss the indictment pursuant to the Interstate Agreement on Detainers (IAD). On April 24, 1995, the People filed answering papers opposing defendant’s motion to dismiss.
The IAD, codified in CPL 580.20, is a compact among States that establishes the available methods of securing the attendance of defendants confined as prisoners in other States. Its purpose, as set forth in article I, is to encourage the expeditious and orderly disposition of untried indictments by providing cooperative procedures for the transfer of prisoners between States.
The statute sets forth two procedures for initiating the transfer of a prisoner. Under article III, the prisoner may initiate the transfer by making a request for "final disposition” of an untried indictment, information or complaint. Where this procedure is used, the defendant must be brought to trial within 180 days of the request. A second procedure is authorized by article IV, which provides that the District Attorney in the State where the untried indictment, information or complaint is pending may initiate the transfer by presenting a written request for "temporary custody or availability” to the authorities of the State in which the prisoner is incarcerated. Where the District Attorney initiates the transfer, the defendant must be brought to trial within 120 days of his arrival in the receiving State.
The IAD mandates a dismissal of the indictment where the defendant is not brought to trial within the applicable statutory period. However, when calculating whether the defendant’s rights under the IAD have been violated, the court must exclude certain delays which are not attributable to the People. The running of the time period is tolled when the court grants "any necessary or reasonable continuance” upon a showing of "good cause * * * in open court”. (Art III [a]; art IV [c].) The running of the time period is also tolled whenever the defendant is "unable to stand trial” as determined by the *1034 court (art VI). Finally, the facts in a particular case may warrant a finding that a delay is excludable because the defendant has abandoned, or waived, his rights under the IAD. (People v Torres, 60 NY2d 119, 124.)
The case before this court is governed by article III of the IAD. On December 30, 1993, while defendant was incarcerated as a sentenced prisoner in Grafton, Ohio, a detainer was lodged against him accusing him of having committed the crimes of murder in the second degree and robbery in the first degree in Monroe County, New York. On January 4, 1994, defendant signed a request for final disposition of the Monroe County charges. Pursuant to article III of the IAD, the People had 180 days from the date of defendant’s request to bring him to trial. (See, art III [a]; see also, People v Torres, supra, at 123; People v C’Allah, 100 AD2d 754.)
In this case, 468 days elapsed from January 4, 1994, the date defendant signed the request, to April 17, 1995, the date defendant filed his motion to dismiss. The court must now consider whether any of the delay is excludable. The following dates are relevant to that determination:
Defendant signs request for disposition Request delivered to court and prosecutor Defendant delivered to the Monroe County Jail January 4, 1994 January 10, 1994 May 13, 1994
Defendant arraigned, case adjourned for defense motions May 18, 1994
Defendant files motions Motions argued, court orders pretrial hearings July 12, 1994 July 29, 1994
Hearings commenced Hearings completed Court renders written decision Trial scheduled for May 1, 1995 Defendant files motion to dismiss pursuant to IAD August 19, 1994 October 12, 1994 December 5,1994 January 9, 1995 April 17, 1995
finds that the entire 133-day delay from the date defendant requested disposition of the Monroe County charges, to May 18, 1994, the date defendant was arraigned in Monroe County Court, is chargeable to the People. There is no authority to support the People’s contention that the delay attributable to the process necessary in returning a prisoner is excludable. The court January 4, 1994,
The entire delay from May 18, 1994, the date the matter was adjourned for defense motions, to December 5, 1994, the date the court rendered a decision on the motions, may properly be attributed to the filing and disposition of defense motions. Consequently, the delay may be excluded as a "neces *1035 sary or reasonable continuance” under article III and/or as a time that defendant "is unable to stand trial” under article VI. (See, People v Torres, supra, at 126-127; People v Delaney, 121 AD2d 650; People v Chiofalo, 73 AD2d 673.)
The 34-day delay from December 5, 1994 to January 9, 1995 is chargeable to the People. Notably, the People have advanced no reason which would justify the exclusion of this period. When combined with the earlier delays chargeable to the People, the time chargeable to the People from defendant’s request for disposition to January 9 totals 167 days. This case turns, then, on whether the People are to be charged with the 55-day delay from January 9, 1995, the date the case was scheduled for trial, to April 17, 1995, the date defendant filed his motion to dismiss the indictment.
On January 9, 1995, the following colloquy took place:
"mr. prosperi: Your honor, Mr. Huether from our office is engaged in a trial today. He told me that the Court was to set a trial date today. I believe the Court may have preliminarily discussed a May 1st date, and Mr. Huether says that would fit in his calendar.
"the court: How is that with the defense counsel?
"mr. scanlon: That will be fine, Your Honor.”
The court finds that defendant waived his right to a trial within the 180-day period by concurring in the decision to set a trial date beyond the statutory period. The Court of Appeals has held that "[t]he facts in a particular instance may warrant a factual determination that the defendant has elected not to assert or has abandoned his rights under the Agreement on Detainers and has chosen to proceed to disposition without reference thereto” (People v Torres, supra, at 124). Courts in this State have found an abandonment, or waiver, of a defendant’s rights under the IAD in a myriad of circumstances (see, Matter of Amiger v Long, 101 AD2d 616; People v Lambert, 61 NY2d 978; People v Gooden, 151 AD2d 773; People v Sacco, 199 AD2d 288). Although the precise issue before this court has not been determined by a court in New York State, courts in other jurisdictions have held that a defendant who concurs in a decision to set a trial date beyond the statutory period waives his rights under the IAD. People v Jones (495 NW2d 159, 160-161, 197 Mich App 76 [1992]) merits quotation: "A waiver is established when a defendant, either expressly or impliedly, agrees or requests to be treated in a manner contrary to the terms of the IAD * * * Valid waivers have *1036 been found where either the defendant or his attorney agree to a continuance or a later trial date * * * To avoid waiving any rights under the IAD, the defendant must generally object to those procedures or actions by the trial court that may infringe upon the protections afforded by the IAD * * * [cjonduct that is inconsistent with the IAD will be viewed as establishing a waiver of statutory rights.”
Here, defendant, defense counsel and a representative from the District Attorney’s office were present at the time the trial date was set. The court sought input from both attorneys with respect to the proposed trial date. (Cf., People v Allen, 744 P2d 73 [Colo 1987].) Had counsel raised an objection to the proposed trial date, the court was in a position to set the date within the 180-day statutory period. Defense counsel’s explicit agreement to the trial date set beyond the 180-day statutory period constituted a waiver or abandonment of defendant’s rights under the IAD. Consequently, the entire delay from January 9, 1995 to April 17, 1995 is excludable.
Finally, the delay from April 17, 1995 to the date of this decision is also excludable. Defendant’s filing of a motion to dismiss pursuant to the IAD tolls the statute (United States v Dawn, 900 F2d 1132, 1136 [7th Cir 1990]).
For the reasons stated above, the court concludes that the delay chargeable to the People does not exceed 180 days.
Accordingly, defendant’s motion to dismiss the indictment is denied.