[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-14060

_____

D. C. Docket No. 99-00235-CV-ORL-22C

WILLIAM T. CANIFF,

Defendant-Appellant,

versus

MICHAEL W. MOORE,
ROBERT BUTTERWORTH,

Plaintiff-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 15, 2001)**

Before ANDERSON, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

William T. Caniff, a pro se Florida State Prisoner convicted of grand theft with a firearm and armed burglary of a dwelling, appeals the district court's denial of his 28 U.S.C. § 2254 petition. Caniff alleges that his conviction was obtained in violation of the speedy trial provisions in the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. § 2, art. 3,4. He argues that the state trial court lacked subject-matter jurisdiction to try him. Further, Caniff argues that the district court erroneously concluded that his claim was procedurally barred from federal habeas corpus relief.

We review the district court's denial of habeas corpus relief on procedural default grounds de novo. See Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993). Upon consideration of the pleadings, the district court orders, and the parties' briefs, we find no reversible error.

While incarcerated in Georgia, Caniff filed a request for final disposition of pending charges pursuant to the IAD. On May 10, 1996, Caniff arrived in the Seminole County jail in Florida. On September 19, 1996, he was granted a continuance, and his trial began on October 14, 1996. Before trial, Caniff filed a motion for discharge under the IAD, but the motion was denied. Caniff was then convicted of grand theft with a firearm and armed burglary of a dwelling.

Caniff averred that Article III of the IAD required that the government should have tried him within 120 days of his arrival in Florida. In addition, he asserted that

2

the government also violated the time limitations under Article IV of the IAD. Because of these violations, he argued that the state court lacked jurisdiction to render the judgment.

Caniff appealed his convictions and sentences to the Florida Fifth District Court of Appeal. While his appeal was pending, he filed a petition for mandamus with the Fifth District Court of Appeals. It was denied without issuance of an order to show cause. Caniff subsequently filed a notice of voluntary dismissal of his direct appeal. Caniff then filed motions for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court summarily denied. Caniff appealed this denial to the Florida Fifth District Court of Appeal, and the appellate court affirmed the denial of his claim per curiam. Caniff also filed a writ of habeas corpus with the Florida Supreme Court raising the same claim. The Florida Supreme Court denied Caniff's habeas motion as both procedurally barred and successive because Caniff had already sought extraordinary relief through his mandamus petition in the appellate court. He then filed this petition for writ of habeas corpus.

On appeal, Caniff contends that the district court erred in finding his IAD speedy trial claim procedurally defaulted under Florida law. Specifically, he claims that his habeas claim is not barred from federal review because his claim was previously heard and ruled upon by the state court before trial. The government

responds that the district court properly determined that the claim was procedurally

barred because Caniff's claim should have been raised on direct appeal.   This Court

has held that "where the state court correctly applies a procedural default principle of

state law," federal courts must abide by the state court's decision.  Harmon v. Barton,

894 F.2d 1268, 1270 (11th Cir.), cert. denied, 498 U.S. 832 (1990).  Therefore, claims

that have been held to be procedurally defaulted under state law cannot be addressed

by federal courts. See Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993).  Further,

Rule 3.850 disallows relief for claims that "could have or should have been raised at

trial."  Fla.R.Crim.P. 3.850.  Under Florida law, "[i]ssues that could have been raised

on direct appeal but were not are noncognizable claims through collateral attack" and

therefore are procedurally barred from review in a state post-conviction proceeding.

Hall v. State, 742 So.2d 225, 226 (Fla. 1999). Hence, under Florida law, an IAD claim

is cognizable on direct appeal, but not on a Rule 3.850 motion.  See Vining v. State,

637 So.2d 921, 924 (Fla.) (raising issue on direct appeal), cert. denied, 513 U.S. 1022

(1994); Remeta v. Dugger, 622 So.2d 452, 454 (Fla. 1993) (finding IAD speedy trial

claim barred for failure to raise on direct appeal).  The state  appellate court correctly

determined that Caniff's IAD speedy trial claim was procedurally barred and, in turn,

correctly denied Caniff's Rule 3.850 motion.  Because Caniff voluntarily chose to

forgo his right of review on direct appeal, he defaulted on his IAD claim, and thus was

barred from raising this claim on federal habeas review.

Caniff also argued that because the IAD is a jurisdictional claim, the district court erred in determining that his IAD claim was procedurally barred. However, the Supreme Court in N.Y. v. Hill, 528 U.S. 110, 120 S.Ct. 659 (2000), held that defense counsel could effectively waive a defendant's right to be brought to trial within the allocated 180-day period specified in the IAD. Therefore, the Supreme Court established that the speedy trial rights in the IAD can be waived. Since it is fundamental that litigants can neither stipulate to, nor waive jurisdiction, this holding by the Supreme Court eliminates any jurisdictional prong in the IAD. Therefore, the court had subject matter jurisdiction over Caniff's claim, and in turn made no error.

In conclusion, we find that the district court correctly determined that Caniff's § 2254 claim was procedurally defaulted because Caniff brought his claim on direct appeal but subsequently voluntarily dismissed it. Furthermore, because the speedy rights in the IAD are waivable, they do not contain a jurisdictional element, and thus the district court had jurisdiction over Caniff's claim and properly rejected it.

AFFIRMED.