DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment that dismissed an indictment charging Keith B. Baranski, defendant below and appellee herein, with theft from an elderly person, in violation of R.C. 2913.02(A)(1)/(B)(3). The State of Ohio, plaintiff below and appellant herein, assigns the following error for our review:
"THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT AGAINST APPELLEE."
 {¶ 2} The Scioto County Grand Jury returned an indictment charging appellant with theft from an elderly person in violation of R.C. 2913.02(A)(1)/(B)(3). At the time of the incident, appellant was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. The Scioto County Prosecutor made a "Request for Temporary Custody" pursuant to Article IV(a) of the Interstate Agreement on Detainers ("IAD"), codified at R.C. 2963.30. Eventually, appellant was transferred to Scioto County.
 {¶ 3} On October 29, 2004, appellee filed a motion to dismiss the indictment. Appellee argued that he had not been brought to trial within the one hundred twenty (120) days specified in the IAD. The prosecution responded and conceded that the deadline had passed under the IAD, but argued that appellee waived that provision by agreeing to a trial date beyond the one hundred twenty day time frame. The trial court was unswayed and, on November 5, 2004, granted the motion and dismissed the indictment. This appeal followed.
 {¶ 4} Appellant argues that the trial court erroneously dismissed the indictment. We disagree. Article IV(c) of the IAD expressly states that "[i]n respect of any proceeding made possible by this Article, trialshall be commenced within one hundred twenty days of the arrival of theprisoner in the receiving state." (Emphasis added.) R.C. 2963.30.[1]
There is no question that the one hundred twenty day time limit expired in this case. The record reveals that appellee came into the custody of Scioto County on June 30, 2004. Thus, Article IV(c) of the IAD required that trial commence no later than October 28, 2004. Appellee filed his motion to dismiss on October 29th, the day after the deadline expired. Thus, the trial court correctly granted the motion.
 {¶ 5} The prosecution asserts, however, that appellee waived the one hundred twenty day time limit of Article IV(c) and cites New York v.Hill (2000), 528 U.S. 110, 114-118, 145 L.Ed.2d 560, 120 S.Ct. 659, for the proposition that the IAD deadline can be waived by counsel if counsel agrees to a trial date outside the one hundred twenty day time frame. Although we do not necessarily dispute the prosecution's argument as an abstract proposition of law, we find no waiver under the particular facts and circumstances of this case.
 {¶ 6} In Hill, the United States Supreme Court cited a transcript that explicitly showed that defense counsel agreed to a trial date outside the IAD deadline. Id. at 112-113. This was sufficient for the Court to find that defense counsel waived the defendant's right to be brought to trial within one hundred twenty days. Id. at 114-115. By contrast, in the case sub judice we find no transcript or filing to establish that appellee's counsel agreed to a trial date outside the time limit. Nothing appears in the original papers of this case that reflects appellee's trial counsel's signature on an entry setting a trial date beyond the one hundred twenty day time limit. For these reasons, this case is distinguishable fromHill.
 {¶ 7} The prosecution contends that because no transcript of the pre-trial hearing has been presented to this court, we may simply rely on the "recitation of facts" in its memorandum contra to establish that defense counsel affirmatively agreed to a trial date outside the deadline. We disagree. The prosecution's argument is, in essence, an invitation to simply accept its version of the facts as true. Unfortunately for the prosecution, we, as an appellate court, may not simply accept as true, absent a stipulation by both parties, one party's unsupported claims concerning the disputed, underlying factual nature of a case. It is well-settled that in the absence of a transcript, appellate courts must presume the correctness of trial court proceedings. State v.Littlefield, Ross App. No. 03CA2747, 2004-Ohio-5996, at ¶ 10; State v.Lewis, Adams App. No. 02CA734, 2003-Ohio-1006, at ¶ 12; State v.Robinson (Oct. 23, 2000), Scioto App. No. 00CA2698. Moreover, any error on the part of the trial court must affirmatively appear of record in order to warrant the reversal of a judgment. State v. Puckett (2001),143 Ohio App.3d 132, 135, 757 N.E.2d 802; State v. Lane (1997),118 Ohio App.3d 485, 488, 693 N.E.2d 327; State v. Whaley (Mar. 25, 1997), Jackson App. No. 96CA779.
 {¶ 8} Without evidence in the record in the instant case to establish that appellee's counsel affirmatively agreed to a trial date beyond the deadline set by Article IV(c) of the IAD, the prosecution cannot show a waiver pursuant to Hill. Thus, the prosecution cannot show that the trial court erred by dismissing the indictment.
 {¶ 9} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignment of error and hereby affirm the trial court's judgment.
Judgment affirmed.
[1] The provisions of Article IV(c) also provide for extension of the one hundred twenty day time limit for continuances but there was no continuance requested below and that is not at issue in this case.