NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0594n.06
Filed: August 18, 2006

No. 05-2138

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **RONALD WELLS**, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| *Petitioner-Appellant*, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| v. | ) | |
| | | **O P I N I O N** |
| **PAMELA K. WITHROW**, Warden, | | |
| | | |
| *Respondent-Appellee*. | | |

BEFORE:    KENNEDY, COLE, Circuit Judges; VARLAN, District Court Judge.[*]

**R. GUY COLE, JR., Circuit Judge.**  Petitioner Ronald Wells appeals the denial of his

petition for a writ of habeas corpus following an evidentiary hearing in the United States District

Court for the Eastern District of Michigan.  Wells argues that, contrary to the judgment of the district

court, Wells's state trial and appellate counsel were ineffective.  Specifically, Wells argues that trial

counsel was ineffective in that he failed to object when the state court violated Wells's right to be

tried within 120 days of extradition under the Interstate Agreement on Detainers Act ("IAD"), Mich.

Comp. Laws. § 780.601.  Appellate counsel was allegedly ineffective in that he failed to raise the

issue on direct appeal.  For the reasons that follow, we **AFFIRM** the district court's opinion and

order.

---

[*]The Honorable Thomas A. Varlan, United States District Court Judge for the Eastern
District of Tennessee, sitting by designation.

**I.**

Ronald Wells was serving a two to five-year sentence in Georgia when he was indicted in Michigan for murder and possession of a concealed firearm, in violation of Mich. Comp. Laws §§ 750.316 and 750.227. Wells was extradited to Michigan on December 23, 1991, and, on February 21, 1992, he appeared with his attorney William Hunter at a calender conference. Hunter there requested additional time to file pretrial motions because of a recent back injury. The trial court extended the motions deadline by two weeks and set a trial date of July 20, 1992, to which Hunter did not object. Following a two-day bench trial, wherein it was established that Wells shot a man following an altercation over a debt, Wells was convicted of first-degree murder and of carrying a firearm during the commission of a felony. On August 6, 1992, Wells was sentenced to life imprisonment without parole.

Wells pursued an unsuccessful appeal in the Michigan Court of Appeals. Although he alleged ineffective assistance of counsel because Hunter did not file a pretrial motion to quash certain evidence, Wells did not argue on direct appeal that Hunter was ineffective in failing to challenge his trial date under the IAD. Wells did so argue in his delayed application for leave to appeal in the Michigan Supreme Court, but to no avail: on December 28, 1994, the Michigan Supreme Court denied his request, without addressing the IAD claim on the merits. Wells then filed a motion for relief from judgment in the state trial court, again raising the issue of whether he was denied effective assistance due to trial counsel's failure to raise a claim under the IAD. The post-conviction trial court denied Wells's motion, also without considering the merits of his claim. Both

the Michigan Court of Appeals and the Michigan Supreme Court denied Wells's request for leave

to appeal the post-conviction proceedings.

On August 24, 1998, Wells filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C.

§ 2254, in the United States District Court for the Eastern District of Michigan. On June 7, 1999,

the district court dismissed all but one of Wells's claims. The court granted Wells an evidentiary

hearing on the issue of whether trial and appellate counsel were ineffective in failing to raise a claim

under the IAD. Having conducted a hearing, however, at which Wells and trial counsel testified,

the district court denied Wells's petition. The court found, *inter alia*, that Wells had not carried his

burden under *Strickland v. Washington*, 466 U.S. 668 (1984), to show that his trial or appellate

counsel were ineffective. The district court granted a certificate of appealability as to Wells's claim

of ineffective assistance. This timely appeal followed.

**II.**

**A. Standard of Review**

We review a district court's disposition of a habeas corpus petition *de novo*. *Palazzolo v.*

*Gorcyca*, 244 F.3d 512, 515 (6th Cir. 2001). Wells filed his petition for a writ of federal habeas

corpus in August of 1998. This appeal is therefore presumptively governed by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 326-27

(1997). Where, as here, a state court did not address the merits of a properly raised claim, however,

the AEDPA does not apply. In such a case we review a petitioner's claim *de novo*. *See* 28 U.S.C.

§ 2254(d) (addressing itself to any claim "that was adjudicated *on the merits* in State court

proceedings" (emphasis added)); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) ("In this case, our

review is not circumscribed by a state court conclusion with respect to prejudice, as neither of the state courts below reached this prong of the *Strickland* analysis."); *Maples v. Stegall*, 340 F.3d 433, 436-37 (6th Cir. 2003) (holding that unaddressed claims are mixed questions of fact and law and accordingly reviewed *de novo*) (citing *Williams v. Coyle*, 260 F.3d 684, 706 (6th Cir. 2001)).

**B.      Ineffective Assistance of Counsel**

Wells argues that his Sixth Amendment right to counsel was violated when neither trial nor appellate counsel raised a claim of undue delay under the IAD.  In order to show constitutionally ineffective assistance, Wells must meet both prongs of the test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, Wells must show deficiency of performance, i.e., that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  Second, Wells must show prejudice, i.e., that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* This means that Wells must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

*1.      Deficiency of Performance*

Wells argues that counsel rendered ineffective assistance by failing to object under the IAD to the trial date of July 20, 1992, which was approximately seven months (210 days) after Wells's extradition to Michigan.  The IAD "is a compact entered into by 48 states, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000).  Article IV of the IAD, as codified by the State of Michigan, provides:

> In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Mich. Comp. Laws § 780.601, art. IV(c).

The consequence of failure to try a defendant within 120 days is dismissal of the offense with prejudice. *Id.* at art. IV(e). Under Michigan law, however, a defendant may waive his IAD rights by agreeing to a trial date outside of the 120 days. *See People v. Jones*, 495 N.W.2d 159, 161 (Mich. Ct. App. 1992) ("To avoid waiving any rights under the IAD, the defendant generally must object to those procedures or actions by the trial court that may infringe upon the protections afforded by the IAD."); *see also New York v. Hill*, 528 U.S. 110, 115 (2000) (holding that agreement to delay by counsel waives IAD rights of defendant). Hunter waived Wells's IAD rights by failing to object to his trial date. Hunter was therefore never in a position to assert Wells's rights under the IAD. Thus, he was not ineffective for failing to do so. Likewise, appellate counsel was not ineffective for failing to appeal on this basis.

Nor can Wells locate error in Hunter's failure to object to a date outside of the 120 days. Wells has failed to proffer any reason why Hunter should have objected as a matter of trial strategy or why an earlier trial date would have been to his advantage. Indeed, the record reveals that Hunter asked for additional time to prepare defense materials due to a recent back injury. Thus, we agree with the district court's determination that Wells has failed to establish that Hunter's performance was unreasonable under prevailing professional norms. *See Strickland*, 466 U.S. at 688; *see also id.* at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

2. *Prejudice*

Even were Wells to show that defense counsel's performance fell below an objectively reasonable standard, he cannot show prejudice. As discussed above, defense counsel waived Wells's rights under the IAD by failing to object to the trial date of July 20, 1992. Were defense counsel to have preserved Wells's rights by so objecting, the state court presumably would have sustained the objection and selected a more proximal date. This in turn would have entirely obviated Wells's complaint under the IAD.

Wells appears to assume that, were defense counsel to have objected to the trial date, the court would have ignored counsel's valid objection and nonetheless set a date outside of the 120 days provided for under the IAD, thereby entitling Wells to dismissal. We do not credit this assumption, but assume instead that the trial court would have followed the IAD and set a date within the 120 days had Wells so requested. *Cf. Lockhart v. Fretwell*, 506 U.S. 364, 370 (1993) (quoting *Strickland*, 466 U.S. at 695) ("[I]n judging prejudice and the likelihood of a different outcome, '[a] defendant has no entitlement to the luck of a lawless decisionmaker.'").

Wells's claim fails for a more fundamental reason, namely, that the focus of the ineffective assistance of counsel doctrine has rested historically on the fairness of the trial itself or the validity of an analogous plea agreement. *See Strickland*, 466 U.S. at 687 (holding that counsel's errors must be sufficiently serious to "deprive the defendant of a fair trial, a trial whose result is unreliable"); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Thus, in *Lockhart v. Fretwell*, the Supreme Court stated:

> '[T]he right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the

Sixth Amendment guarantee is generally not implicated.' The test formulated in *Strickland* for determining whether counsel has rendered constitutionally ineffective assistance reflects this concern.

506 U.S. at 369 (quoting *United States v. Cronic*, 466 U.S. 648, 658 (1984)); *see also id.* ("An analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). In this case, Wells has failed even to allege that his conviction was in any way unreliable. He does not argue, moreover, that the delay in his trial affected his ability to mount a meaningful defense. In short, Wells fails to establish that his Sixth Amendment rights were meaningfully imperilled.

## III.

For the reasons that precede, we **AFFIRM** the district court's opinion and order dismissing Wells's petition for a writ of habeas corpus.