The STATE of Ohio, Appellee,

v.

GOLDEN, Appellant.

[Cite as *State v. Golden*, 177 Ohio App.3d 771, 2008-Ohio-3227.]

Court of Appeals of Ohio,
Third District, Paulding County.

No. 11–08–03.

Decided June 30, 2008.

Joseph R. Burkard, Paulding County Prosecuting Attorney, for appellee.

Scott R. Gordon, for appellant.

PRESTON, Judge.

{¶ 1} Defendant-appellant, Christopher M. Golden, appeals the judgment of the Paulding County Court of Common Pleas overruling his motion to dismiss on the basis of R.C. 2963.30, Ohio's codification of the Interstate Agreement on Detainers ("IAD"). For reasons that follow, we affirm.

{¶ 2} On June 15, 2007, the Paulding County Grand Jury indicted Golden on two counts of aggravated robbery, violations of R.C. 2911.01(A)(1) and first-degree felonies, with a firearms specification pursuant to R.C. 2941.145. Since Golden was incarcerated in the state of Florida, in August 2007, the Paulding County Sheriff's Department filed a request with Florida for his return to Ohio to be tried on the aforementioned counts. Golden returned to Ohio on September 13, 2007.

{¶ 3} On September 19, 2007, Golden was arraigned, entered pleas of not guilty, and was provided with court-appointed counsel. The matter was set for a trial date of November 7, 2007. Pretrial motions were to be filed no later than October 24, 2007.

{¶ 4} On November 2, 2007, Golden filed a motion for leave to file a motion to suppress, which was granted. The trial court set the matter for hearing to be held on November 7, 2007, the original trial date. The hearing was continued to November 28, 2007, upon the state's motion, due to the unavailability of its witnesses. On November 30, 2007, the trial court overruled Golden's motion to suppress. On that same day, the trial court held a scheduling conference wherein Golden's counsel and the state agreed upon a trial date of January 15, 2008.

{¶ 5} On December 12, 2007, Golden filed a letter with the trial court requesting new counsel. On December 26, 2007, the trial court appointed new counsel. On January 14, 2008, Golden filed a motion to dismiss, arguing that he had not been brought to trial within the 120–day time limitation pursuant to R.C. 2963.30, Article IV(c). The trial court denied the motion that same day.

{¶ 6} On January 15, 2008, a jury trial was held wherein Golden was found guilty on count one and not guilty on count two. The trial court sentenced Golden to nine years of imprisonment for count one of aggravated robbery and three years of imprisonment for the firearms specification. The trial court ordered that these sentences be served consecutively to each other and consecutively to the sentence Golden was serving in Florida.

{¶ 7} On February 11, 2008, Golden filed this appeal, asserting two assignments of error for our review.

## ASSIGNMENT OF ERROR NO. I

The trial court erred to the prejudice of the defendant by failing to grant the motion to dismiss.

{¶ 8} In his first assignment of error, Golden argues that the trial court erred in not dismissing the indictment because he was not brought to trial within 120 days, as required by the IAD. The state, on the other hand, argues that Golden waived the IAD time limitation because his counsel consented to a trial date beyond the limits imposed by the IAD. The state further argues that Golden's November 9, 2007 pretrial motion was filed nine days beyond the deadline for pretrial motions, and therefore, the IAD's 120–day deadline was tolled nine days. Thus, the state argues that the January 15, 2008 trial was timely.

{¶ 9} The IAD is a compact entered into by 48 states, the United States, and the District of Columbia, which establishes procedures for the resolution of one state's outstanding charges against another state's prisoner. *New York v. Hill* (2000), 528 U.S. 110, 111, 120 S.Ct. 659, 145 L.Ed.2d 560. "As 'a congressionally sanctioned interstate compact' within the Compact Clause of the United States Constitution, Art. I, § 10, cl. 3, the IAD is a federal law subject to federal construction." Id., citing *Carchman v. Nash* (1985), 473 U.S. 716, 719, 105 S.Ct.

3401, 87 L.Ed.2d 516; *Cuyler v. Adams* (1981), 449 U.S. 433, 442, 101 S.Ct. 703, 66 L.Ed.2d 641.

{¶ 10} The applicable IAD time limitation in this case appears in R.C. 2963.30, Article IV(c), which provides the following:

(c) In respect of any proceeding made possible by this Article, trial shall be commenced *within one hundred twenty days* of the arrival of the prisoner in the receiving state, but for good cause shown in open court, *the prisoner or his counsel being present,* the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

(Emphasis added.)

{¶ 11} Golden arrived in Ohio on September 13, 2007. One hundred and twenty days from Golden's arrival in Ohio was January 11, 2008; accordingly, Golden was required to be brought to trial by January 11, 2008. R.C. 2963.30, Article IV(c). Golden was tried on January 15, 2008, four days past the applicable statutory time limit. Golden is, therefore, factually correct that he was tried outside the IAD's applicable time limitation of 120 days. However, Golden's legal conclusion—because he was tried outside the IAD's applicable time limit, the indictment must be dismissed—is incorrect.

{¶ 12} In *New York v. Hill,* the U.S. Supreme Court was presented with a similar IAD speedy-trial issue. 528 U.S. 110, 120 S.Ct. 659, 145 L.Ed.2d 560. The defendant was incarcerated in Ohio, and the state of New York issued a detainer against him. Id. at 112, 120 S.Ct. 659, 145 L.Ed.2d 560. The defendant signed a request for disposition of the detainer pursuant to Article III of the IDA, which required that he be brought to trial within 180 days. Id.; IAD, Article III(a). The matter was set for trial, but before the trial occurred, the defendant filed a motion to dismiss the indictment arguing that the state failed to bring him to trial within the IAD's 180–day time limitation. *Hill,* 528 U.S. at 113, 120 S.Ct. 659, 145 L.Ed.2d 560. The trial court denied the motion, finding that "[d]efense counsel's explicit agreement to the trial date set beyond the 180–day statutory period constituted a waiver or abandonment of defendant's rights under the IAD." Id., citing *People v. Reid* (1995), 164 Misc.2d 1032, 1036, 627 N.Y.S.2d 234.

{¶ 13} On appeal, the New York Supreme Court, Appellate Division, affirmed. Id., citing *People v. Hill* (1997), 244 App.Div.2d 927, 668 N.Y.S.2d 126. The Court of Appeals for the State of New York, however, reversed and ordered that the indictment be dismissed, finding that defense counsel's consent to a trial date outside the IAD's time limitations did *not* waive the defendant's speedy-trial rights under the IAD. Id., citing *People v. Hill* (1998), 92 N.Y.2d 406, 681 N.Y.S.2d 775, 704 N.E.2d 542. The U.S. Supreme Court granted certiorari and

reversed, holding that defense counsel's consent to a trial date outside the IAD's 180–day time limitation constituted a waiver of the issue. Id.

{¶ 14} In reaching its conclusion in *Hill*, 528 U.S. 110, 120 S.Ct. 659, 145 L.Ed.2d 560, the U.S. Supreme Court analyzed the text of Article III(a), which provides the following pertinent language:

(a)Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial *within one hundred eighty days* after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: *provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.*

(Emphasis added.) R.C. 2963.30, Article III(a); *Hill*, 528 U.S. at 115, 120 S.Ct. 659, 145 L.Ed.2d 560. The court in *Hill* reasoned that the language of IAD, Article III(a) supports the general rule that scheduling matters are made by agreement of counsel. 528 U.S. at 115, 120 S.Ct. 659, 145 L.Ed.2d 560. The court noted that "[i]n allowing the court to grant 'good-cause continuances' when either 'prisoner *or his counsel'* is present, [the IAD] contemplates that scheduling questions may be left to counsel." (Emphasis sic.) Id. Furthermore, the court acknowledged that as a practical matter, counsel "is in a position to assess the benefit or detriment of the delay to the defendant's case," and only counsel can determine whether the defense would be prepared for trial. Id. Thus, the court found that "[r]equiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose." 528 U.S. at 115, 120 S.Ct. 659, 145 L.Ed.2d 560.

{¶ 15} Although the IAD time limitation in this case is 120 days, and the IAD time limitation in *New York v. Hill*, 528 U.S. 110, 120 S.Ct. 659, 145 L.Ed.2d 560, was 180 days, we find *Hill's* rationale persuasive for several reasons. First, like Article III(a) in *Hill*, the text of Article IV(c) provides for "good cause" continuances provided either "the prisoner *or his counsel*" is present; and therefore, this IAD provision similarly "contemplates that scheduling questions may be left to counsel." (Emphasis added.) Article IV(c); *Hill*, 528 U.S. at 115, 120 S.Ct. 659, 145 L.Ed.2d 560, citing Article III(a). Second, *Hill's* rationale regarding counsel's role in scheduling is applicable without regard to the particular statutory time limitation. 528 U.S. at 115, 120 S.Ct. 659, 145 L.Ed.2d 560.

Third, federal circuit courts have applied *Hill*'s waiver rule to IAD, Article IV(c)'s 120–day time limitation. *Wells v. Withrow* (C.A.6, 2006), 195 Fed.Appx. 425, 428; *Caniff v. Moore* (C.A.11, 2001), 269 F.3d 1245. Fourth, federal trial courts have also applied *Hill*'s waiver rule to IAD, Article IV(c). *Felder v. Quarterman* (S.D.Tex.2006), Civ. No. H–06–0794, 2006 WL 2365568, at \*4–5; *Keith v. Weber* (D.S.D.2006), No. 05–4175, 2006 WL 1367363, at \*8. Fifth, other Ohio appellate courts have either applied *Hill*'s waiver rule to IAD, Article IV(c) or, at least, have acknowledged the rule's application. *State v. Ward* (Sept. 25, 2000), 12th Dist. No. CA99–12–114, 2000 WL 1370993, at \*2–3; *State v. Baranski*, 4th Dist. No. 04CA2971, 2005-Ohio-4956, 2005 WL 2296644, ¶ 5–6 (acknowledging the application of *Hill*'s rule but finding no record of counsel's consent to a trial date beyond the 120–day limitation).

{¶ 16} For all these reasons, we hold that defense counsel's agreement to a trial date set beyond IAD, Article IV(c)'s 120–day statutory period waives the defendant's rights as to the IAD's speedy-trial provision.

{¶ 17} In its judgment entry denying Golden's motion to dismiss, the trial court found that Golden's defense counsel agreed to the January 15, 2008 trial date, which was four days beyond the IAD's 120–day time period. Since defense counsel agreed to the January 15, 2008 trial date, counsel waived any claimed R.C. 2963.30(IAD) violations. *Hill*, 528 U.S. 110, 120 S.Ct. 659, 145 L.Ed.2d 560; *Withrow*, 195 Fed.Appx. at 428; *Moore*, 269 F.3d 1245; *Quarterman*, 2006 WL 2365568, at \*4–5; *Weber*, 2006 WL 1367363, at \*8; *Ward*, 12th Dist. No. CA99–12–114, 2000 WL 1370993, at \*2–3; *Baranski*, 2005-Ohio-4956, 2005 WL 2296644, at ¶ 5–6.

{¶ 18} Furthermore, aside from Golden's waiver, the IAD speedy-trial provision in this case tolled. IAD speedy-trial time tolls in the same manner as time tolls under the Federal Speedy Trial Act, 18 U.S.C. 3161. *U.S. v. Collins* (C.A.9, 1996), 90 F.3d 1420, 1426–1427; *U.S. v. Cephas* (C.A.2, 1991), 937 F.2d 816, 819, certiorari denied (1992), 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788; *U.S. v. Odom* (C.A.4, 1982), 674 F.2d 228, 231, certiorari denied (1982), 457 U.S. 1125, 102 S.Ct. 2946, 73 L.Ed.2d 1341; *U.S. v. Robinson* (E.D.Mich.2003), 290 F.Supp.2d 808, 817, affirmed by *U.S. v. Robinson* (C.A.6, 2006), 455 F.3d 602; *U.S. v. Ellerbe* (C.A.D.C., 2004), 372 F.3d 462, 468 (IAD speedy-trial time tolls for periods of delay caused by defendant's own actions, including defendant's motions as provided in Speedy Trial Act). See also *Young v. Mabry* (C.A.8, 1979), 596 F.2d 339, 343 (IAD speedy-trial time tolls when defendant is "legally or administratively" unavailable for trial); *U.S. v. Roy* (C.A.7, 1987), 830 F.2d 628, 635 (same). Under the Speedy Trial Act, time is tolled for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the

hearing on, or other prompt disposition of, such motion." 18 U.S.C. 3161(h)(1)(F).

■ {¶ 19} Applying this rule sub judice, Golden filed a pretrial motion to suppress on November 2, 2007, which the trial court denied on November 28, 2007. Accordingly, the IAD speedy-trial time was tolled from these two dates, for a total of 26 days. 18 U.S.C. 3161(h)(1)(F). Golden was brought to trial 124 days after being returned to Ohio, which was only four days outside the IAD's 120–day limitation. However, since time tolled during the pendency of Golden's pretrial motion for *more than* four days, Golden was, therefore, brought to trial timely under the IAD.

{¶ 20} Golden's first assignment of error is, therefore, overruled.

## ASSIGNMENT OF ERROR NO. II

The defendant was denied effective representation by competent counsel.

{¶ 21} In his second assignment of error, Golden argues that if his trial counsel waived the IAD's speedy-trial protections, then his trial counsel was ineffective "as he did not review or understand the time limits set forth in the IAD." The state argues that counsel's waiver of the time limitations did not prejudice Golden, because counsel's waiver of time did not waive all IAD protections. The state also argues that the trial date was within the IAD's 120–day time limitation because Golden's motion to suppress tolled time; and therefore, Golden was not prejudiced by counsel's waiver. We agree with the state that Golden's argument lacks merit.

{¶ 22} A defendant asserting a claim of ineffective assistance of counsel must establish that (1) the counsel's performance was deficient or unreasonable under the circumstances and (2) the deficient performance prejudiced the defendant. *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to show that counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965. Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. See *State v. Bradley* (1989), 42 Ohio St.3d 136, 141–142, 538 N.E.2d 373, quoting *State v. Lytle* (1976), 48 Ohio St.2d 391, 396, 2 O.O.3d 495, 358 N.E.2d 623.

■■ {¶ 23} In this case, Golden has failed to demonstrate that trial counsel's waiver of the IAD's time limitation was not merely a trial strategy. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Golden simply asserts, without any citation to the record, that trial counsel "did not review or understand the time limits set forth in the IAD." Bald assertions not supported by the record are insufficient to meet the defendant's burden of demonstration, and this court is not required to further develop appellant's arguments. See, e.g., *State v. Brooks,* 9th Dist. No. 23237, 2007-Ohio-1424, 2007 WL 912223, ¶ 29–32. Thus, Golden has failed to demonstrate *Strickland* prong one. See, e.g., *State v. Glasure* (Nov. 21, 2001), 7th Dist. No. 654, 2001 WL 1497071, at *5 (finding that defendant failed to show that defense counsel's waiver of speedy-trial rights was anything other than a trial tactic). Furthermore, since we have determined that Golden was brought to trial *within* the IAD's time limitation, Golden cannot show prejudice under *Strickland* prong two.

{¶ 24} Golden's second assignment of error is, therefore, overruled.

{¶ 25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

SHAW, P.J., and ROGERS, J., concur.