[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15628
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-60960-WPD

ALAN RUFF,

Petitioner–Appellant,

versus

STATE OF FLORIDA,

Respondent,

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 14, 2019)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Alan Ruff, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition.  Following that denial, a single judge of this Court granted a certificate of appealability ("COA") on the question "[w]hether the district court erred in denying Ruff's double-jeopardy claim on the merits, based on the record before it."  Before us, Ruff argues that the court erred in denying his double-jeopardy claim because the record indicates that the state tactically provoked a mistrial in bad faith.

We review *de novo* the district court's denial of a § 2254 petition.  *Maharaj v. Sec'y for Dep't of Corr.*, 304 F.3d 1345, 1348 (11th Cir. 2002) (per curiam).  We are empowered to address underlying procedural issues that must be resolved before reaching the merits of the constitutional claim for which a COA was granted.  *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (observing that where a COA grants review of "the merits of a constitutional claim but … is silent with respect to procedural claims that must be resolved if the panel

2

is to reach the merits, we will assume that the COA also encompasses any procedural claims" (quoting *Jones v. Smith*, 231 F.3d 1227, 1231 (9th Cir. 2000))). We may affirm the district court on any basis supported by the record. *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017). We will not consider issues raised for the first time on appeal. *Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1193 (11th Cir. 2009). Nor will we consider an issue not specified in the COA. *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007).

Before bringing a § 2254 action in federal court, a petitioner must exhaust all state-court remedies for challenging his conviction. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (quotations and emphasis omitted). The exhaustion requirement is not jurisdictional, but there is a strong presumption in favor of requiring state prisoners to pursue the available state remedies. *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007).

Federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) (per curiam). The application of a state procedural bar may be excused where a petitioner shows "cause and prejudice." Cause is defined as "'some objective factor external to the defense [that] impeded [the petitioner's]

efforts' to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Such factors include interference by state officials that made compliance with the procedural rule impracticable, a showing that the legal or factual basis for a claim was not reasonably available to the petitioner, or ineffective assistance of counsel.  *Id.* at 493–94.  Having established cause, the petitioner must still demonstrate actual prejudice stemming from the claimed error.  *Id.* at 494.

Separately, federal courts may consider claims that were defaulted under state procedural rules, including filing deadlines, where application of the state procedural bar would result in a "miscarriage of justice."  *McQuiggin v. Perkins*, 569 U.S. 383, 392–94 (2013).  That exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]."  *Id.* at 395 (quotations and citations omitted).

Under Florida Rule of Criminal Procedure 3.850, an inmate must file a motion for relief within two years after his judgment and sentence become final, unless he: (1) alleges the existence of new facts within two years of the time those facts were or could have been discovered via the exercise of due diligence; (2) asserts a new, retroactive, fundamental constitutional right within two years of the mandate announcing retroactivity; or (3) alleges within two years of the expiration

of the time period for filing for post-conviction relief that he retained counsel to file a timely Rule 3.850 motion but counsel failed to do so through neglect.  Fla. R. Crim. P. 3.850(b)(1)–(3).  A state court may dismiss a successive Rule 3.850 motion if, among other things, it finds that the defendant is asserting new and different grounds for relief, and there is no good cause for the defendant's failure to raise those grounds in a prior motion.  Fla. R. Crim. P. 3.850(h)(2).

Once a jury has been empaneled and sworn, "[f]rom that point forward, the defendant has a constitutional right, subject to limited exceptions, to have his case decided by that particular jury."  *United States v. Chica*, 14 F.3d 1527, 1531 (11th Cir. 1994) (quotations and citations omitted).  The Fifth Amendment's Double Jeopardy Clause bars the state from retrying a defendant following a mistrial unless, "taking all the circumstances into consideration, there was a manifest necessity for the mistrial, or the ends of public justice would otherwise have been defeated by continuing the trial."  *Id.* (quotations omitted).  Whether manifest necessity exists is a fact-intensive inquiry.  *Id.*  When a mistrial is declared at the defendant's request, or with the defendant's consent, the barrier to a retrial is generally removed, unless the state intentionally provoked the request.  *United States v. Fern*, 155 F.3d 1318, 1324 (11th Cir. 1998).

Ruff alleges on appeal that the district court erred in denying his double-jeopardy claim.  Ruff originally presented a double-jeopardy claim in a successive

Rule 3.850 motion, where he argued that his conviction was obtained with insufficient evidence in violation of his right against double jeopardy. The state court dismissed the Rule 3.850 motion on the grounds (1) that it was time-barred because it was filed more than two years after his conviction became final and (2) that it was improperly successive because it was Ruff's second Rule 3.850 motion. Ruff later brought his double-jeopardy claim, among others, to the federal courts through a 28 U.S.C. § 2254 petition. The district court denied the petition, and we granted a certificate of appealability to review whether Ruff's double-jeopardy claim was properly denied.

After careful consideration, we conclude that we need not reach the merits of this issue. Ruff's double-jeopardy claim was barred on state procedural grounds as untimely and improperly successive, and he has not argued that an exception— cause and prejudice, manifest injustice, etc.—applies to the application of the state procedural bar. And because Ruff does not qualify for the exception to the federal bar to addressing non-exhausted state claims, *Caniff*, 269 F.3d at 1247, we cannot review the merits of his claim.

Moreover, the double-jeopardy argument that Ruff raises on appeal differs from the argument that he raised before the district court and is outside the scope of the COA. Before the district court, Ruff's double-jeopardy claim essentially boiled down to an insufficiency-of-the-evidence argument—just as in his Rule

3.850 motions.  Before us, however, Ruff now claims that the "prosecution deliberately provoked a mistrial by speaking on evidence that was ruled out by the court."  As we have held many times, we will not consider issues raised for the first time on appeal.  *Ferguson*, 580 F.3d at 1193.

We **AFFIRM** the district court's denial of Ruff's § 2254 petition.

7