[Cite as *State v. Martre*, 2020-Ohio-3067.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals Nos. L-19-1185
                                                                              L-19-1236
          Appellee

                                                  Trial Court No. CR0201701937
v.

Derrick Martre                                    **DECISION AND JUDGMENT**

          Appellant                               Decided:  May 22, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Derrick Martre, pro se.

* * * * *

**SINGER, J.**

{¶ 1} In this accelerated and consolidated appeal, appellant, Derrick Martre,

appeals from the August 12, 2019 judgment entry from the Lucas County Court of

Common Pleas which denied appellant's postsentence motion to withdraw his plea.

Because the trial court did not abuse its discretion in denying the motion, we affirm.

{¶ 2} Appellant brings forth one assignment of error for our review:

The trial court abbused (sic) it's descretion (sic) in failing to allow the search warrant as part of the record…..

{¶ 3} Appellant presents three issues for our review: (1) whether the trial court abused its discretion in denying the motion to withdraw on the basis the warrant was not properly granted, (2) whether the trial court abused its discretion in denying the motion because appellant suffered from ineffective assistance of counsel, and (3) whether the trial court abused its discretion in denying the motion because appellant's plea was not knowingly, voluntarily, or intelligently made.

{¶ 4} On June 2, 2017, appellant was indicted on one count of domestic violence, in violation of R.C. 2919.25(A) and (D)(3), a fourth-degree felony. Appellant allegedly assaulted his then-girlfriend after she discovered sexually explicit photographs on appellant's phone.

{¶ 5} On August 17, 2017, appellant's counsel filed a motion in limine to exclude evidence found on the cell phone on the basis that the evidence was not relevant. The next day, appellant entered a plea according to *North Carolina v. Alford* to one count of the lesser included offense of attempted domestic violence, in violation of R.C. 2923.02 and 2919.25(A) and (D)(3), a fifth-degree felony. Appellant was sentence to serve one year of community control, including being placed in the Prison Diversion Program, and a six-month term at the Correction Center of Northwest Ohio. On November 29, 2017, appellant's community control was terminated unsuccessfully.

{¶ 6} On May 2, 2019, appellant filed a motion to withdraw his plea alleging that a manifest injustice existed. His arguments centered around whether his cell phone was obtained with a proper warrant, whether the evidence obtained from the cell phone was improperly used to convict appellant, and whether his trial counsel was ineffective for not investigating the search warrant.

{¶ 7} The state filed a response to appellant's motion. Attached to its response, appellee attached the search warrant, the affidavit for the search warrant, and the police report reporting the seizure and download of data from the phone. The attachments demonstrate that the warrant was sought on May 26, 2017, and was based on information provided by the woman appellant assaulted. The warrant is based on personal knowledge of the affiant, clearly identified the items and information sought, and was signed by a neutral magistrate. The report from police indicates that data was retrieved from the phone the following day, after the warrant was secured.

{¶ 8} On August 9, 2019, the trial court did not find a manifest injustice existed to grant the motion to withdraw the plea. The trial court found that the warrant was properly issued and the seizure of the phone was properly executed. The trial court also found that appellant failed to submit any evidence that his trial counsel did not investigate the warrant.

## Law

{¶ 9} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may

set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. A manifest injustice is a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). "It is an extremely high standard reserved for only extraordinary cases." *State v. Thomson*, 6th Dist. Lucas No. L-18-1208, 2019-Ohio-3021, ¶ 9, citing *State v. Harmon*, 6th Dist. Lucas No. L-10-1195, 2011-Ohio-5035, ¶ 12. "'The defendant bears the burden of establishing the existence of manifest injustice.'" *Id.*, citing *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 13.

> 'A manifest injustice has been defined as a "clear or openly unjust act" and as "an extraordinary and fundamental flaw in the plea proceedings."' Post-sentence withdrawal of a plea is permitted only in extraordinary circumstances. This high burden is necessary because we 'recognize * * * that if a plea of guilty could be retracted with ease after sentence had been imposed, "the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *"' (Citations omitted). *State v. Leon*, 6th Dist. Huron No. H-18-018, 2019-Ohio-1178, ¶ 51.

**{¶ 10}** "An ineffective assistance of counsel claim must overcome the strong presumption that a properly licensed Ohio lawyer is competent." *Id.* at ¶ 54, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. To overcome this presumption, a claimant must show that trial counsel's performance fell below an

4.

objective standard of reasonable representation and that a reasonable probability exists that but for counsel's errors there would be a different outcome. *Id.* at ¶ 55, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 11} We review a trial court's decision to deny a motion to withdraw a plea for an abuse of discretion. *Id.* An abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**Analysis**

{¶ 12} The trial court did not abuse its discretion in denying appellant's motion to withdraw his plea. Appellant argues that the warrant was improperly issued because the warrant was not issued until the day after appellant was arrested. He seems to argue that because his phone was taken and stored prior to the issuance of the warrant being issued, proper procedure was not followed. However, the police reports attached to appellee's response to the motion to withdraw demonstrate that although the phone was confiscated from appellant on May 26, 2017, a warrant was not issued and the phone was not searched until May 27, 2017. The supplemental crime report states that "[t]he defendant's cell phone was downloaded after securing a search warrant for it."

{¶ 13} The warrant for appellant's cell phone was properly issued and his phone was constitutionally searched. The warrant appears to be based upon probable cause, was issued by neutral magistrate, and was issued prior to the search being conducted.

5.

**{¶ 14}** Appellant presents no evidence that the phone was searched prior to the issuance of the warrant other than his bare assertions. His bald assertions are not supported by the record and therefore cannot demonstrate a manifest injustice. *State v. Golden*, 177 Ohio App.3d 771, 2008-Ohio-3227, 896 N.E.2d 170, ¶ 23 (3d Dist.). Therefore, appellant's arguments are unavailing. As the warrant was proper, appellant's arguments surrounding ineffective assistance of counsel and improper pleas also fail.

**{¶ 15}** As the warrant was proper and the search pursuant to the warrant was proper, the trial court did not abuse its discretion in denying appellant's motion to withdraw his plea. Therefore, appellant's assignment of error is not well-taken and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                 _____

                                                              JUDGE

Thomas J. Osowik, J.                      

Christine E. Mayle, J.                     _____
CONCUR.                                                JUDGE

                                              _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.